### St. Louis Southwestern Railway Company of Texas v. A. T. Bryant.

Decided June 1, 1907.

**1.—Personal Injuries—Alighting from Train—Act of Third Party.**

In a suit for personal injuries received while alighting from a train, the fact that the position of a third party on the steps of the car interfered with the exit of the passenger and contributed to the injuries received, will not relieve the carrier from liability for its negligence in not allowing the passenger sufficient time to alight.

**2.—Same—Proximate Cause.**

To constitute a negligent act the proximate cause of an injury it need not be the sole cause. It is sufficient if it be a concurring cause, from which such a result might have been contemplated or foreseen.

**3.—Assumed Risk—Knowledge of Danger.**

There can be no assumption of risk without knowledge of the danger, and the existence of such knowledge is ordinarily a question of fact for the jury.

Appeal from the District Court of Henderson County. Tried below before the Hon. B. H. Gardner.

*E. B. Perkins, Frost & Neblett* and *J. S. Simkins,* for appellant.

*Faulk & Faulk* and *Johnson & Edwards,* for appellee.

TALBOT, Associate Justice.—This is a suit by Bryant against the railway company for damages arising from personal injuries sustained while alighting from one of the company's trains at Chandler, Texas. It is alleged, in substance, that on November 1, 1903, appellee was a passenger on one of appellant's passenger trains traveling from Tyler, Texas, to Chandler, Texas; that when the train arrived at Chandler it stopped, and appellee proceeded with reasonable dispatch, care and diligence to alight therefrom, but that appellant's servants in charge of and operating said train negligently failed to stop the same a sufficient length of time to permit and enable appellee to debark with safety; that as appellee was in the act of stepping from the train it was negligently put in motion whereby he was thrown and caused to fall to the ground and there-

by injured. Appellant pleaded a general denial, contributory negligence, and that in attempting to alight from the train while it was in motion with full knowledge of the danger in so doing, appellee assumed the risk incident thereto. From a verdict and judgment in favor of appellee appellant prosecutes this appeal.

The court did not err in refusing to give appellant's requested *instruction directing the jury to return a verdict in its favor.* The evidence, as shown by the record, justified the conclusion that the injuries received by appellee were proximately caused by the negligence of appellant's servants in failing to stop the train at Chandler a reasonably sufficient length of time to enable him to alight therefrom with safety, as alleged, and that he has sustained damages thereby in the amount awarded by the jury. The evidence is also sufficient to sustain the jury's finding that appellee was not guilty of contributory negligence, in view of the circumstances surrounding *him, in stepping from the train at the time and in the manner he* did.

Appellant's second assignment complains of the court's refusal to give the following special charge: "Gentlemen of the jury: If you believe from the evidence that the person Luther, was standing on the last step of the car leading from the platform from which Mr. Bryant departed and that by reason of the position occupied by said Luther, Dr. Bryant was unable to make a safe departure from the train, and that by reason of said position of said Luther, *Dr. Bryant was caused to fall and receive the injuries of which he* complains, then you can not find for the plaintiff, but must find for defendant." There was no error in refusing to give this charge. The general rule that "if subsequent to the original negligent act a new cause has intervened, of itself sufficient to stand as the cause of the misfortune the former must be considered too remote," does not apply under the facts of this case. The evidence, although conflicting, is sufficient to warrant the conclusion that the train was put in motion, after it stopped at Chandler, before a sufficient time *had elapsed for appellee, in the exercise of proper care and diligence,* to alight therefrom, and appellant's servants operating the train could reasonably have anticipated, under such circumstances, that some passenger, such as the person Luther, would be attempting to board the train at the time and place he did, which act concurring with its negligence in starting the train too soon might result in injury to appellee. In such case, the act of the third person intervening and contributing a condition necessary to the injurious effect of the original negligence will not excuse the first wrongdoer. Mexican National Ry. Co. v. Mussette, 86 Texas, 719; Lane v. Atlantic Works, 111 Mass., 139; Gonzales v. City of Galveston, 84 Texas, 3. The principle is also expressed in the following language: "An intervening act of an independent voluntary agent does not arrest causation, nor relieve the person doing the first wrong from the consequences of his wrong, if such intervening act was one which would ordinarily be expected to flow from the act of the first wrongdoer. The mere fact that another person concurs or co-operates in producing the injury, or contributes thereto in any degree whether

large or small, is of no importance." 2 Thompson on Negligence, page 1089, sec. 6 of notes. It is well settled that to constitute a negligent act the proximate cause of an injury it need not be the sole cause. It is sufficient if it be a concurring cause, from which such a result might have been contemplated or foreseen. The trial court in his main charge instructed the jury as follows: "A proximate cause is such as operates to produce particular consequences, without the intervention of any independent unforeseen cause, without which the injuries would not have occurred, and the act complained of must be such as a reasonably prudent person would have foreseen was likely to result in injury to another. Unless you find from the evidence that defendant was guilty of negligence as charged and that plaintiff's fall was proximately caused by the negligence, if any, of defendant's employes in charge of said train, you will find for the defendant." And further, in effect, that in order for the jury to find for plaintiff they must find from the evidence that his injury was "the direct and proximate result of the negligence, if any, of the employes in charge of the train" in failing to stop the train a reasonable sufficient time. We think these charges considered in connection with the entire charge given were sufficient to safely guard and protect appellant's rights, and that if from any standpoint it would have been proper to give the special charge, the failure to do so has resulted in no substantial injury to appellant.

The following charge was requested by appellant: "Gentlemen of the jury: You are instructed that if from the evidence you believe that the plaintiff, A. T. Bryant, in disembarking or alighting from the train while the train was in motion, stepped straight out from the car step and that the manner of his leaving the train caused him to fall or caused his injury, then as he recognized that the train was moving when he undertook to leave it, he assumed the risk or chance of such injury as resulted to him, and the defendant would not be liable therefor, though you may believe that an ordinarily prudent and careful person would, under the same circumstances, have attempted to have alighted from the train in the same manner that he did, and under such circumstances, if you find they exist, your verdict should be for the defendant." This charge was given with the qualification, "that plaintiff did not assume the risk from stepping from the steps of the car in the manner shown by the evidence, unless the jury believe from the evidence that he understood and it appeared to him that such manner of stepping from the train put him in danger of injury." The modification of this charge, as shown, is complained of by appellant and made the basis of its third assignment of error. In this action of the court we think there is no error of which appellant can complain. We are of the opinion that the question upon this phase of the case was purely one of contributory negligence, and that the doctrine of assumed risk had no application whatever. The court having concluded, however, to charge upon the subject at the instance of appellant correctly, we think, instructed them that appellee did not assume the risk of stepping straight out from the car steps unless the danger in doing so was apparent and he understood or appreciated such danger. A

person must know and appreciate a risk in order to assume it, and knowledge of the usual effect of stepping straight out from a moving car is a question of fact to be shown and found by the jury and can not be assumed, as a matter of law, by the court. Recognizing this fact appellant's counsel in pleading the defense of assumed risk alleged that appellee "with full knowledge of the danger assumed the risk incident thereto in attempting to alight from said train while in motion."

Finding no reversible error in the judgment it is affirmed.

*Affirmed.*

Writ of error refused.