MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. LON N. NEWTON.

Decided March 26, 1910.

**1.—Master and Servant—Inexperienced Servant—Duty to Warn.**

In a suit by an employee against a railroad company for damages for personal injuries received by the plaintiff while performing the duties of car repairer, evidence reviewed and held sufficient to warrant the court in submitting to the jury the issue of defendant's foreman's knowledge of the ignorance and inexperience of the plaintiff, and the consequent duty to instruct and warn him.

**2.—Same—Duties of Car Repairer—Dangers not Obvious.**

Evidence reviewed and held to show that the work of a car repairer was of such a nature and its performance attended with such danger that a technical knowledge of how to perform it without injury to the employee was required, and hence the duty to instruct and warn the employees rested upon the employer. In such case the master is presumed to know the danger.

**3.—Same—Injury—Notice of Claim—Unreasonable Contract.**

In a contract of employment an employee agreed that within ninety days after receiving any personal injury he would give notice in writing of any claim he might have against his employer by reason thereof, stating time, place, nature and extent of the injuries, and that a failure to give such notice should be a bar to any suit on account of such injury; evidence considered

and held to support a finding that said stipulation was unreasonable in this case and therefore not binding on the employee.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*Coke, Miller & Coke* and *Head, Dillard, Smith & Head,* for appellant.—It is only where the business is complicated and is attended with dangers known to the master, and which may not be understood by the servant, that the duty to instruct or warn arises. San Antonio Gas Co. v. Robertson, 93 Texas, 506; San Antonio Sewer Pipe Co. v. Noll, 37 Texas Civ. App., 269; Texas & N. O. Ry. Co. v. Echols, 87 Texas, 344; Parish v. Missouri, K. & T. Ry. Co., 76 S. W., 234; Missouri Pac. Ry. Co. v. Callbreath, 66 Texas, 528.

Appellee, whether experienced in the work in hand or not, being a man of mature years takes notice of the operation of the laws of nature and the natural result of their operation on conditions he has produced. San Antonio Sewer Pipe Co. v. Noll, 37 Texas Civ. App., 269; Texas & P. Ry. Co. v. French, 86 Texas, 96; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 22.

Where an employe enters into an agreement as a condition precedent to his right to recover damages for injuries received in such employment, that he will give notice in writing of such claim within ninety days after it occurs, and fails to give such notice or show any waiver of such condition, the court should instruct a verdict for the employer. Western U. Tel. Co. v. Vanway, 54 S. W., 414; Chicago, R. I. & P. Ry. Co. v. Thompson, 100 Texas, 185; Guttierrez v. El Paso & N. E. Ry. Co., 102 Texas, 378.

Where an employe enters into an agreement as a condition precedent to his right to recover damages for injuries received in such employment, that he will give notice in writing of such claim within ninety days after it accrues, the fact that while he knows he is injured he is unable to say how bad he is injured within ninety days, will not excuse him from complying with his contract. Baldwin v. Western U. Tel. Co., 33 S. W., 890; Thompson v. Fort Worth & R. G. Ry. Co., 97 Texas, 590; Houston & T. C. Ry. Co. v. McCarty, 94 Texas, 298.

*Stuart & Bell, J. H. Wood* and *J. P. Haven,* for appellee.—Where the master knows, or ought to know, the dangers of the employment, and knows, or ought to know that the servant by reason of inexperience is ignorant of the work or the danger incident thereto, it is the duty of the master to give such instruction and warning of the dangerous character of the employment as may reasonably enable the employe to understand its perils. Gulf, C. & S. F. Ry. Co. v. Newman, 27 Texas Civ. App., 77; Industrial Lumber Co. v. Bivens, 47 Texas Civ. App., 396; Gulf, C. & S. F. Ry. Co. v. Archambault, 94 S. W., 1108; McCracken v. Lantry-Sharpe Cont. Co., 45 Texas Civ. App., 485; Houston & T. C. Ry. Co. v. Rutland, 45 Texas Civ. App., 621; Texas & P. Ry. Co. v. Utley, 66 S. W., 311; Houston & T. C. Ry. Co. v. Malloy, 54 Texas Civ. App., 490;

Texas & N. O. Ry. Co. v. McCoy, 54 Texas Civ. App., 278; 4 Thompson on Negligence, pars. 4101-2-3; 26 Cyc., 1173b.

The contract of employment plead and introduced in evidence, which, among other things, provides that the appellee would within ninety days after receiving any injuries give notice in writing to the claim agent of the railway company, giving the time, place and particulars of the injuries, and the nature and extent of the same, to the end that same might be fully, fairly and properly investigated, and in event of the failure to give written notice of such claim it should be a bar to the institution of any suit on account of such injuries, is contrary to public policy and void. 6 Thompson's Commentaries on the Laws of Negligence, sec. 7110; 26 Cyc., p. 138, sec. "B;" Rev. Stats., art. 3379; DeCordova v. Galveston, 4 Texas, 478; Goldfrank v. Young, 64 Texas, 437; McGregor v. Goldammer, 2 Posey U. C., 50; Swayne v. Terrell, 20 Texas Civ. App., 31; Gibson v. Hibbard, 13 Mich., 214; Hoppock v. Stone, 49 Barb., 524; Stratford v. Ufford, 52 Conn., 44.

The law does not favor these notices which are conditions precedent to a right to recover, and inasmuch as our statute provides that any such condition must be reasonable, the proper practice is to submit reasonableness of the same to the jury for determination as was done in this case. Especially is this true where the parties contracting are not of equal intelligence, and the condition of the notice is one difficult or impossible of performance. Rev. Civ. Stats., 1895, art. 3379; Missouri, K. & T. Ry. Co. v. Liebold, 55 S. W., 369; Gulf, C. & S. F. Ry. Co. v. Stanley, 89 Texas, 42; Gulf, C. & S. F. Ry. Co. v. Hume Bros., 87 Texas, 211; St. Louis & S. F. Ry. Co. v. Honea, 84 S. W., 268.

TALBOT, ASSOCIATE JUSTICE.—The appellee instituted this suit against the appellant to recover damages for personal injuries received by him on the 18th day of January, 1907, at Denison, Texas, while in the employ of appellant in its car repairing department. It is alleged that appellee was lacking in skill and experience, which appellant knew, or by the use of ordinary care could have known, and that he was sent to straighten up the framework of a car that was careened to one side; that said work was dangerous and required under ordinary circumstances at least two or three men to perform it, all of which was unknown to appellee until after he was injured; that he performed this work by means of a jack, on the end of which was placed a piece of timber; that he placed the jack on the floor on one side of the car and leaning it with the timber resting on top of the jack on one side of the car and the other end of the timber resting against the top of the car on the other side from the jack; that then by putting a lever into and turning the jack the jack was lengthened and the car straightened; that when he got the car straight, as there was nothing to hold and support the timber and jack in their leaning position, the timber sprung out to one side, hit him on the hip and hurt him. Negligence was alleged in not furnishing more than one man to do the work; in failing to instruct appellee how to do the work; in failing

to warn him in reference to the danger incident to the performance of the work; and furnishing a defective jack.

Appellant plead a general denial, assumed risk, contributory negligence, and that appellee had entered into a contract with appellant that if injured while in the service of appellant he would, as a condition precedent to his right to sue, give appellant notice in writing within ninety days after receiving his injuries of the circumstances of his injuries to the end that same might be investigated, and that such notice had not been given, and that the claim was barred.

Appellee, in reply to so much of appellant's answer as set up a contract to give notice of his claim for damages in ninety days, plead that such contract was unconstitutional and against public policy and without consideration; that appellee was unable to read well and that he did not know that his contract of employment contained such a condition; that he gave his foreman, at the time he was injured, notice of his injuries; that when he first received his injuries appellee did not regard them as serious and did not intend to claim any damages, and that he did not realize the extent of his injuries until after ninety days from the time he received the same, and that such contract was unreasonable. On February 20, 1909, the cause was tried and a verdict and judgment rendered in favor of the appellee, and the appellant appealed.

The propositions urged under appellant's first assignment of error are: (1) The evidence did not warrant the court in submitting to the jury the issue of appellant's foreman's knowledge of the ignorance and inexperience of appellee and the consequent duty to instruct and warn him; (2) it is only where the business is complicated and is attended with dangers known to the master and which may not be understood by the servant, that the duty to instruct or warn arises; (3) appellee, whether experienced in the work in hand or not, being a man of mature years, takes notice of the operation of the laws of nature and the natural result of their operation on conditions he has produced.

The first of the foregoing propositions is not sustained by the record. The evidence, in our opinion, was sufficient to authorize the submission of the issue referred to in said proposition. In support of this conclusion we find that appellee, in seeking employment at the hands of the appellant, filed a written application therefor with appellant's head foreman which disclosed the fact that up to the time of engaging in the service of appellant appellee had been nothing but a common track laborer for the L. & N. Railway Company from January 29, 1904, to November 8, 1906, and such laborer for the H. & T. C. Railroad Company from February 15, 1900, to January 15, 1904. He went to work in appellant's car repairing department the latter part of December, 1906, or the first of January, 1907, and the injury for which he sues occurred January 18, 1907. In reference to his experience in the character of work in which he was engaged when hurt, he says: "I had never done any of that kind of work before. That was the first job of that kind

Vol. LX Civil—8.

I had done. Mr. Corcoran just told me where to get my lumber and where to get my jack. He told me where to get the lumber to make the brace. After I got the car braced up then I was to put some braces there to hold it in position. He told me the *modus operandi,* the way to do it, how to do the work. He told me to take a jack and a brace. He told me how to straighten it after I got in there with my jack and my four by four. He told me when I went down there to see the car, he says: 'Now take your jack and your four by four and get inside the car and brace your piece of timber to the top and down at the bottom. Put it on the jack at the floor.' He told me how to brace it. He says: 'Get it as near straight as you can.' He did not explain to me the danger of doing my work that way. I did not have anybody to help me. There was nobody there at all. I did not know it was dangerous to do the work that way. Mr. Corcoran had never given me any warning or any instruction before that time as to the performance of that work, as to how it should be done. I had never been in the habit of doing any work similar to car repairing before this time. I never handled a jack in my life. That was my first experience in the business."

With reference to the knowledge that foreman Corcoran had of appellee's experience, appellee testified as follows: "John Corcoran was the foreman. I suppose he had a right to discharge hands and hire them. He would tell them to go get their time. I have heard him tell them to go get their time. He directed me in my work. I performed as near as I could whatever work he told me to perform. He directed me in the performance of my duties. Whatever he told me to do I did it."

John Corcoran testified as to his knowledge of appellee's experience as follows: "This man worked first in the laboring gang before he was under me. After he came in the car department he was under me all the time until he quit. Of course, I can not remember every job he worked at when he was under me. I superintended him and put him at work, so I would have known what work he was doing. If he worked at straightening up a car I did not know whether that was the first job he ever did of that kind or not. . . . I was supposed to know what kind of work he was doing while he was working with me. . . . He had been working at the laboring gang before this. The laboring gang's business is not to straighten up cars at all. . . . I stated yesterday in my testimony that there were three ways to do it, one a safer way and another a safer way. I mean to say that an ignorant man could not set a jack at an angle and timber on top of it at an angle without putting a wedge under the jack. An experienced man would have laid the jack flat on the floor or would have gone and got a wedge and put under the jack. If a man did not know how to do that he would not know how to use that precaution. He would not know how to protect himself. If a man takes a shore and leans that, and leans the jack against it, he is liable to get hurt by it flopping out. . . . If he did undertake to do it, it would be a dangerous proposition. If he did it that way I would think he was liable to get hurt."

Davis Lang testified that there is more than one way to straighten up a car with a jack screw. "When you are using a jack screw that way with a beam running diagonally pushing the house or car over, straightening it up, I would not think a man without any experience would be safe at it, unless he had someone to show him."

In regard to the second and third propositions, we think it may be safely said that the danger incident to the doing of the work in the manner in which it was done by appellee was not so apparent, as a necessary or probable result of a natural law, that he can be charged as a matter of law with a knowledge of it; but that said work was of such a nature and its performance attended with such danger that a technical knowledge of how to perform it without injury to appellee was required, and hence the duty to instruct and warn appellee arose. The danger referred to was or should have been known to appellant, and whether or not it was understood or appreciated by the appellee was a question of fact for the jury. St. Louis S. W. Ry. Co. v. Bryant, 46 Texas Civ. App., 601 (103 S. W., 237); Missouri Pac. Ry. Co. v. Watts, 64 Texas, 568.

The undisputed evidence showed that appellee by his contract of employment agreed that within ninety days after receiving any injury he would give notice in writing of any claim he might have against appellant by reason thereof, to appellant's claim agent stating time, place and particulars of the injury, etc., and that his failure to do so should be a bar to the institution of any suit on account of any injury he might receive. The undisputed evidence further showed that no such claim was given, and the court charged the jury that such failure was a bar to appellee's suit and to return a verdict for the appellant, unless they believed from the evidence that such a stipulation in the contract was unreasonable, and that in determining whether or not such stipulation was reasonable they should look to all the facts and circumstances in evidence before them, and if they believed from the facts and circumstances in evidence that such stipulation was reasonable, to find for appellant regardless of any other issue in the case; but that if they believed such stipulation was unreasonable, they would then consider the issues submitted in other paragraphs of the charge. This charge is objected to by appellant and it is made the basis of its second assignment of error.

It is contended that where an employe enters into an agreement as a condition precedent to his right to recover damages for injuries received in such employment that he will give notice in writing of such claim within ninety days after it occurs, and fails to give such notice or show any waiver of such condition, the court should instruct a verdict for the employer; that in such case the fact that the employe is unable to say how bad he is injured within ninety days will not excuse him from complying with his contract. We do not think the contention ought to be sustained. Under the facts and circumstances of this case it became the duty of the trial court, as was done, to submit for the determination of the jury the question whether or not the stipulation requiring appellee to give notice of his claim within ninety days was reasonable. The contract not

only required that he should within such time give notice in writing of the time, place and particulars of the injury, but also the *nature and extent thereof.*

Appellee testified: "I can't read nor write to do any good. I can sign my name, barely scratch it. That is all I can write. I can't write a letter or anything of that kind. . . If I signed this instrument (the contract) the same was not read over to me. Nothing of that kind was read to me; if I did sign it, they did not show me the full instrument when I signed it. I did not know a single thing that was in that instrument. With reference to this notice. Mr. Smith read awhile ago, the first time I ever heard or knew of such requirement that I should give ninety days' notice was a few days back. The first time I ever heard of it was after I came over here to this trial. I can't read it to do any good. I was not given an opportunity by Mr. Doyle or anyone to read this instrument. He knew I hadn't read it and didn't know what was in it. Mr. Doyle nor no one else since that time has ever notified me that in an application I was required to give ninety days' notice of any injury I might have. No one has. The instrument was never put in my possession. If I signed any instrument there, the instrument was never handed over to me to read or explained to me in any way; nothing of the kind. I did not know the nature and extent of my injuries within ninety days after this injury occurred. I was expecting to go back all the time; it was quite a while that I felt I was not likely to be badly hurt. I couldn't say just the time; it was six months or over. The injuries were hidden injuries. They were not open so I could tell exactly what it was; couldn't see. I have not had any education to amount to anything. I have always been a laboring man. I left home when I was little and got no education; left an orphan. I could not have told the company within ninety days of the nature and extent of my injuries. I could not have told them within ninety days after it happened, because I didn't know. I gradually kept getting a little worse and a little worse. If I had known about this notice I couldn't have given them the notice of the extent and nature of the injuries."

Article 3379 of the Revised Statutes provides that a stipulation of the character of the one under consideration to be valid must be reasonable, and declares that any such stipulation fixing the time within which the notice shall be given at a less period than ninety days, shall be void. It does not declare, however, that such a stipulation shall in all cases be deemed reasonable, but leaves that question open as one of fact to be determined ordinarily by the jury from all the facts and circumstances of the case. Gulf, C. & S. F. Ry. v. Stanley, 89 Texas, 42; St. Louis & S. F. Ry. v. Honea, 84 S. W., 267; Gulf, C. & S. F. Ry. v. Hume et al., 87 Texas, 211; Missouri, K. & T. Ry. v. Liebold, 55 S. W., 368. The reasonableness of the stipulation pleaded in this case was, in our opinion, an issue raised by the evidence and that issue was properly submitted to the jury.

There are a number of assignments complaining of the court's

refusal to give certain special charges requested by appellant. Some of these assignments have been disposed of against appellant by what has already been said, and those not so disposed of either do not disclose any reversible error, or, in so far as the same contained correct propositions of law applicable to the facts of the case, were sufficiently covered by the court's main charge and the additional charge given in lieu of special charge No. 9, asked by appellant.

The verdict of the jury is sustained by the evidence and the judgment entered thereon will be affirmed.

*Affirmed.*

Writ of error refused.