## ST. LOUIS-S. F. RY. CO. v. BELL.

No. 18393. Opinion Filed Oct. 30, 1928.

Withdrawn, Corrected, Refiled, and Rehearing Denied Jan. 8, 1929.

E. T. Miller and Stuart, Cruce & Franklin, for plaintiff in error.

Brown & Williams, for defendant in error.

RILEY, J. W. J. Bell secured a judgment against the railway company based upon damages sustained in personal injuries resulting from negligence of "defendants, their agents, servants and employees" at a time when he was a passenger for hire and was attempting to alight at his destination from a passenger coach of the defendant railway company at the town of Aylesworth. E. M. Schwartz, the conductor, in charge of defendant's train, was joined as a defendant, but judgment was rendered in his favor.

Bell boarded the train at Madill, having paid passage to Aylesworth, and sat in the rear end of the defendant's coach. When the train stopped at the place of the accident, Bell walked to the front of the coach toward where the brakeman had descended. When Bell reached the front part of the coach, he met some lady passenger who had been permitted to board the coach by the brakeman. Bell stepped aside and permitted them to pass, and proceeded toward the exit. Some others were attempting to board the coach. Bell called to the brakeman and told him he wanted to get off. The brakeman gave a signal for the train to start and picked up his step-box. The engineer received the signal and caused the train to move forward just as Bell was attempting to alight. It appears that the train stayed at the station from 30 to 45 seconds. The plaintiff fell and suffered a severe injury to

his hip. After the accident the brakeman signaled the engineer and the train was stopped within a car's length.

On appeal it is urged that the trial court erred in overruling defendant's motion for judgment notwithstanding the verdict of the jury. This under the theory that the jury had exonerated the conductor by its verdict in his favor and that the railway company was liable only on the principle of respondeat superior.

We cannot embrace the theory, because of the fact Bell did not rely wholly upon the negligence of defendant Schwartz, the conductor, but upon the negligence of the "defendants, their agents, servants and employees." Had Bell relied solely upon the negligence of the conductor and his imputed acts, for which the company would be liable, in view of the verdict, we would be presented with a different question. The gravamen of the charge against the company is that while this passenger for hire with due diligence was attempting to detrain he was obstructed by the act of servants of the company who permitted passengers to board, and that when he continued in his attempt to alight from the coach, with the knowledge or possible knowledge of employees, the train was unnecessarily moved, which negligence was the proximate cause of the injury and damage. The negligence, by the allegations and proof, was not confined to the acts of the conductor. Therefore, the company is not relieved by the judgment in favor of the conductor. Doran v. C., St. P. & M. & O. Ry. Co., 128 Minn. 193, 150 N. W. 800.

There were no special findings. The plaintiff alleged negligence on the part of "the defendants, servants and employees," and thus did not rely solely upon the negligence of the defendant conductor, Schwartz, but as well upon the liability of the company as vice principal for the negligent acts of other employees, consequently it is necessary to look to the evidence to ascertain whether negligence on the part of any other employee was the proximate cause of the injury. That we cannot do for it is well settled, in the absence of special findings, that the court is without jurisdiction to enter judgment non obstante veredicto unless the same is warranted by the pleadings. The court is not authorized to render such a judgment because there is an entire lack of evidence to justify the verdict in favor of the prevailing party, or because the evidence shows as a matter of law that the court should have directed a verdict in favor of the losing party.

Barnes v. Universal Tire Protector Co., 63 Okla. 292, 165 Pac. 176; Curtis & Gartside Co. v. Pigg, 39 Okla. 31, 134 Pac. 1125; Foster v. Leftwich, 52 Okla. 28, 152 Pac. 583; Hyatt v. Vinita Brass Wks., 89 Okla. 171, 214 Pac. 706; Odom v. Cedar Rapids Bk. 114 Okla. 126, 244 Pac. 758; Schaap v. Willams, 99 Okla. 21, 225 Pac. 910; McAlester v. Bk. of McAlester, 95 Okla. 193, 218 Pac. 839.

"In the absence of special findings the court is without jurisdiction to enter judgment notwithstanding the verdict, unless same is warranted by the pleadings. The court is not authorized to render such judgment because there is an entire failure of evidence to justify the verdict in favor of the prevailing party or because the evidence shows that as a matter of law the court should have directed a verdict in favor of the losing party."

The case of C., R. I. & P. Ry. Co. v. Pedigo, 123 Okla. 213, 252 Pac. 1095, deals with the question of liability of the vice principal under a general verdict where a certain employee has been exonerated, but where, under the pleadings and proof, the jury may have concluded that the negligence of another employee, not joined in the action, was the proximate cause of the injury.

A very similar case is Lake Erie & W. R. Co. v. Reed (Ind. App.) 103 N. E. 127.

Herein the averments of the petition were sufficient to admit of proof that the appellant railway company, by and through some of its agents other than the conductor, was guilty of negligence proximately contributing to appellee's injury, and we assume, in favor of the general verdict, that such proof was made; therefore, we hold the motion non obstante veredicto was properly overruled.

We conclude that appellant's first contention is without merit.

It is next urged that the verdict is not sustained by sufficient evidence.

We approach the solution of this question by considering section 4891, C. O. S. 1921, which reads as follows:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

And the rule stated in St. L. & S. F. Ry. Co. v. Davis, 37 Okla. 340, 132 Pac. 337:

"It is the further duty of a railroad company to stop its trains at appointed places a sufficient length of time to afford passen-

gers traveling thereon an opportunity by the use of ordinary care and diligence to alight therefrom while the train remains stationary."

See, also, C., R. I. & P. Ry. Co. v. Stibbs, 17 Okla. 97, 87 Pac. 293; A., T. & S. F. Ry. Co. v. Calhoun, 18 Okla. 75, 89 Pac. 207, 213 U. S. 1, 53 L. Ed. 671.

In Oklahoma Union Ry. Co. v. Mitchell, 105 Okla. 152, 231 Pac. 1062, there was considered the duty of the railway company to stop its cars a sufficient length of time to afford passengers an opportunity, by the use of ordinary care and diligence, to alight therefrom, and where, under the facts, a passenger was attempting to alight from a car, when the car was suddenly started, without warning to the passenger, and he was violently thrown down the steps of the car to the ground and injured. Therein it was said:

"The fact that a passenger proceeds to leave a train at a station where it has stopped ought to be known by the company through its servants, and therefore so far as it is essential, it is deemed chargeable with knowledge."

Viewing the evidence most favorably for appellee, which is the rule in favor of the judgment rendered, we must say Bell used due diligence to detrain. He was within view of the brakeman and made every effort to alight safely, when the brakeman gave the signal to start and took up his step-box, and the starting of the train caused Bell to to be thrown to the ground and injured. Darden v. Atlantic Coast Line Ry. Co., 144 N. C. 1, 56 S. E. 512; T. & P. Ry. Co.. v. Nunn, 98 Fed. 963, 39 C. C. A. 364.

In Bockelcamp v. L. & W. V. R. Co., 232 Pa. 66, 81 Atl. 93, it was held:

"5. A railroad company must stop its train at stations a reasonable length of time to permit passengers to alight.

"6. Where a passenger is seen alighting or could have been seen alighting, it is the duty of the carrier to allow time to alight completely before starting the train." Indianapolis Ry. Co. v. Wall, 54 Ind. App. 43. 101 N E. 680; C. & O. R. Co. v. Thompson (Ky.) 270 S. W. 646.

In L. & I. Ry. Co. v. Whitesides (Ky.) 270 S. W. 19, it was held:

"Defendant carrier was negligent if it permitted its car to start while a passenger was in the act of stepping off the car and before he had a reasonable opportunity to do so, whether car was started with unusual jerk or not." St. L. S. W. Ry. Co. of Texas v. Bryant. 46 Tex. Civ. App. 601, 103 S. W. 237.

From our view of the evidence, we are bound to hold that the verdict is sustained by sufficient evidence, in view of the fact that the verdict is considered based upon both the lack of a sufficient time for the injured passenger to alight safely, as well as negligent acts of the brakeman.

It is urged that "the undisputed evidence shows that plaintiff's injuries were proximately caused by his own conduct and not by any negligence on the part of the defendant railway company." We cannot agree. At least the evidence would entitle the jury to take the view that the plaintiff's injuries were the proximate result of the defendant's negligence.

We have reviewed the instructions given and refused, and we fail to find reversible error in the trial court's action.

The appellant's requested instruction No. 4, on contributory negligence, is not materially different from the court's instruction No. 3, and the trial court, by placing the burden upon the plaintiff to show that he exercised due care for his own safety, was more favorable to defendant than justified. Marth v. Kingfisher Commercial Club, 44 Okla. 514, 144 Pac. 1047.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON. LESTER, and HUNT, JJ., concur.