## CONSOLIDATED GAS UTILITIES CO. v. BEATIE.

No. 21675.　　Nov. 21, 1933.

Rehearing Denied Dec. 19, 1933.

Wieck & Armstrong and J. E. Falkenberg, for plaintiff in error.

Ridings & Drennan, for defendant in error.

OSBORN, J. Edna P. Beatie sued the Consolidated Gas Utilities Company, a corporation, and Roy L. Parsons in the district court of Grant county for damages for personal injuries. The issues were joined and the cause tried to a jury. A verdict was rendered in favor of plaintiff and against the Consolidated Gas Utilities Company, and for the defendant Roy L. Parsons. The verdict was for $1,100. The parties will be referred to as they appeared in the trial court.

The plaintiff lived at Medford, Okla., and the defendant corporation was engaged in the business of furnishing gas to the citizens of said town. In October, 1927, a gas furnace was installed in plaintiff's residence and apparently gave satisfactory service until the month of February, 1929. On February 8, 1929, plaintiff notified the defendant Roy L. Parsons, an employee of the company, to come to her home and repair the furnace, which was giving unsatisfactory service. The said defendant made some repairs on the furnace, and, among other things, unscrewed a regulator which controlled the amount of gas that could enter the burners of the furnace. Sometime thereafter plaintiff was overcome by gas fumes and was found in an unconscious condition later in the day. Plaintiff received immediate medical attention and did not recover consciousness for 48 hours. The petition enumerates various items of expense incurred by a long illness resulting from the injury and alleges permanent damage to her health.

Among other assignments of error, defendant contends that the trial court erred in overruling its motion for judgment notwithstanding the verdict, and in support thereof cites St. Louis & S. F. R. Co. v. Dancey, 74 Okla. 6, 176 P. 209, as follows:

"In action for personal injuries, where the master and his servants are charged with the commission of acts of negligence which caused the injury complained of, for which suit is instituted against all, and where the master, if liable, is so upon the principle of respondeat superior, it is error to render a judgment against the master upon a verdict of the jury which found against the master and in favor of the servants, as the servants' responsibility is primary, inasmuch as they committed the act, and the master's is secondary, in that he has done no wrong morally, but is answerable for the servants' act."

See, also, Chicago, R. I. & P. R. Co. v. Rhinehart, 61 Okla. 72, 160 P. 51; Chicago, R. I. & P. R. Co. v. Brooks, 57 Okla. 163, 156 P. 362; Chicago, R. I. & P. R. Co. v. Austin, 43 Okla. 698, 144 P. 1069; St. Louis & S. F. R. Co. v. Williams, 55 Okla. 682, 155 P. 249; Callahan v. Graves, 37 Okla. 503, 132 P. 474; N. O. & N. E. R. Co. v. Jopes, 142 U. S. 18, 12 Sup. Ct. 109, 35 L. Ed. 919.

Plaintiff contends that this case is controlled by an exception to the above rule which is announced in the case of Spruce

v. Chicago, R. I. & P. R. Co., 139 Okla. 123, 281 P. 586, in which it is said:

"Where the acts of negligence of the servant are concurred in by the master, or if the independent acts of negligence of the master concur with those of the servant, and there is evidence to support the active concurring negligence of the master, a verdict against the master will stand, although there is a failure to find a verdict against the servant."

Plaintiff also cites the case of St. Louis & S. F. Ry. Co. v. Bell, 134 Okla. 251, 273 P. 243, in which it is said:

"In the absence of special findings, the court is without jurisdiction to enter judgment notwithstanding the verdict, unless same is warranted by the pleadings. The court is not authorized to render such judgment because there is an entire failure of evidence to justify the verdict in favor of the prevailing party, or because the evidence shows that as a matter of law the court should have directed a verdict in favor of the losing party."

The petition of plaintiff contains the following allegation:

"That all of the damage as hereinbefore set out in this petition was caused through the carelessness and negligence of the defendant Roy L. Parsons, agent, servant, and employee of the said defendant company, in adjusting the said gas furnace and the regulator and burners thereon while the said Roy L. Parsons was engaged in the performance of the duties for which he had been hired by the defendant Consolidated Gas Utilities Company, a corporation, and while acting as the representative and duly authorized agent of the said Consolidated Gas Utilities Company."

It is thus noted that there is no allegation of independent negligence on the part of the defendant company; nor does the record contain any proof of any concurring negligence. Plaintiff's cause of action is predicated wholly upon the alleged negligent acts of Roy L. Parsons, the employee. Since neither the negligence of the company nor the negligence of any other employee is pleaded or relied upon, the only theory upon which plaintiff can recover is based upon the principle of respondeat superior, and this cause is controlled by the rule announced in St. Louis & S. F. R. Co. v. Dancey, supra.

The judgment of the trial court is reversed and the cause remanded, with directions to grant a new trial.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., absent.