## APACHE GAS CO. v. THOMPSON.

No. 24601.  Oct. 6, 1936.

Thos. H. Owen and Paul N. Lindsey, for plaintiff in error.

W. W. Sutton, for defendant in error.

BUSBY, J.  On the dark and misty evening of December 14, 1931, Mrs. Daisy Thompson, accompanied by her husband, her small daughter and a friend, Mrs. Hazel Straughn, was walking along or very near the portion of a street in the town of Marshall, Okla., reserved for pedestrians, when she stepped into an open ditch about two feet wide and some 20 inches deep which had been dug that day by the Apache Gas Company, a corporation, and left unbarricaded and without warning signals. As a result the fibula bone of her right leg was fractured near the knee and she was otherwise severely injured.

There was a cement sidewalk running along the street upon which the plaintiff was walking immediately prior to the injury, but at the point where the injury occurred there was a gap in the sidewalk some 14 or 15 feet long where the sidewalk proper did not exist. In this gap a number of stones had been placed which created a kind of improvised walk which was some 20 inches narrower than the cement walk at each end of the gap.

It was the purpose of the Apache Gas Company to dig its ditch so that it intersected the walk at the point where the gap occurred at or near one of the ends of the gap.

There is a dispute in the evidence as to how far the men working for the gas company had progressed when they quit work on the evening of December 14th. According to the testimony produced by Mrs. Thompson, the ditch had been dug to a point where it extended partly across the space where the sidewalk would have been if the gap had not been there. The witnesses for the Apache Gas Company, on the other hand, testified that the ditch stopped a few inches on each side of the "sidewalk line"—to be more specific about twelve inches on one side and about 18 inches on the other. They testified that no part of the intervening space between the two ends of the cement sidewalk had been invaded by the ditch at the time Mrs. Thompson was injured. It was undisputed, however, that the ditch was left unbarricaded and no warning signals had been placed.

The employees of the gas company who did

the actual work in digging the ditch were Gene Taylor, W. P. Matthews, George Payton, and Floyd Clauch and a few others whose names it is not necessary to mention. These laborers were being supervised in the work by one C. C. Adams. It appears that all of these employees of the gas company quit work at 5 o'clock on the evening of December 14th, leaving the ditch in the condition heretofore described.

On the 23rd day of April, 1932, Mrs. Thompson commenced this action in the district court of Logan county seeking to recover $50,000 in damages from the Apache Gas Company, a corporation, W. P. Matthews, George Payton, Floyd Clauch, and Gene Taylor. **The boss or supervisor, C. C. Adams, was not named as a party defendant.**

In brief, the plaintiff relied for recovery upon the alleged negligence of the defendants in digging the ditch at the place where it was dug, and their further and additional alleged negligence in failing to cover or barricade the ditch or place warning signals in close proximity thereto so that pedestrians would not be injured. The case was tried to a jury in the lower court. It developed from the evidence that the defendant Gene Taylor had nothing to do with the digging of the ditch at or near the point of injury and he was eliminated by the trial court. As to the remainder of the defendants the case was submitted to the jury, which returned a verdict in favor of Mrs. Thompson for the sum of $7,500 as against the Apache Gas Company, and also at the same time returned a companion verdict absolving the workmen, W. P. Matthews, George Payton, and Floyd Clauch, from responsibility. Judgment was entered in accordance with each of these verdicts, and the Apache Gas Company brings the case to this court on appeal complaining of the judgment entered against it.

It is first contended that the verdict and judgment thereon exonerating the workmen or servants of the gas company necessarily released the gas company itself.

This being an action for personal injuries based upon tort involving in part, at least, alleged negligence on the part of the servants, the plaintiff was authorized at her option to sue one or all or any of those alleged to be responsible. She chose to sue the Apache Gas Company and some of its employees. She did not, however, include the boss or supervisor, C. C. Adams.

It is generally true, as a matter of law, that when the liability of a master or principal arises solely and exclusively by reason of the alleged negligence of a servant under the doctrine of respondeat superior and both are proceeded against in the same action, and the jury, upon consideration of the same evidence, returns one verdict against the master and another verdict absolving the servant from liability, the two verdicts are inconsistent and self-contradictory and both cannot be sustained. There is perhaps no logical reason why either of the contradictory verdicts in such cases should be given controlling weight or should govern over the other, if proper and timely objection is made to each by the party adversely affected thereby, assuming, of course, in this connection, that the case is tried upon conflicting evidence which would support either. There is no more reason to assume that a jury erroneously disregarded the facts as determined by them and returned a verdict against the principal through prejudice than there is to assume that such ascertained facts were ignored and an erroneous verdict entered in favor of the servant through sympathy.

However, in this class of cases, where the plaintiff has failed to object to the receipt of the verdict or complain of the entry of judgment thereon and has failed upon appeal to file a cross-petition in error, this court has always held that the judgment based upon the verdict against the principal cannot stand. See Consolidated Gas Utilities Co. v. Beatie, 167 Okla. 71, 27 P. (2d) 813; C., R. I. & P. Ry. Co. v. Austin, 43 Okla. 698, 144 P. 1069; St. L. & S. F. R. Co. v. Dancey, 74 Okla. 6, 176 P. 209. See, generally, notes L. R. A. 1917E, 1029; 9 L. R. A. (N. S.) 880; 30 L. R. A. (N. S.) 404; 78 A. L. R. 365.

The rule, however, is confined strictly in its application to cases where the sole and only responsibility of the master is under the doctrine of respondeat superior, and by reason of the exclusive negligence of the servant who has been exonerated by the jury. It does not, for instance, apply to cases involving the nonperformance of a nondelegable duty of the master. Texas Co. v. Alred, 167 Okla. 128, 28 P. (2d) 556; Southern Drilling Co. v. McKee, 171 Okla. 409, 42 P. (2d) 265.

Neither does it apply where the responsibility of the master as determined by the jury may have arisen by reason of the negligence of some other servant or employee who was not made a party to the litigation and who has not been exonerated by the jury. In such cases the two verdicts are neither inconsistent nor self-contradictory.

In this case the jury may well have concluded that the defendant workmen who were wielding shovels in constructing the ditch were not responsible when "quitting time" came for the erection of barricades or the placing of warning signals around the ditch which had been constructed. They may well have concluded that this was a responsibility which should have been discharged by the foreman, C. C. Adams, or some other employee instructed or who should have been instructed to take such precaution. In reconciliation of the two verdicts, it will be presumed that they did so conclude.

A very similar situation was presented to the Supreme Court of Washington in the case of Senske v. Washington Gas & Electric Co., 4 P. (2d) 523. In denying that the rule under discussion was applicable, it was said by the court in that case:

"This rule is not applicable to the facts of this case. While Hoit was charged with negligence, it also appears from the facts that the jury had a right to find that Harris, who was Hoit's superior, was guilty of negligence in failing to instruct Hoit to notify all gas users and in permitting the gas pressure to be resumed without notice. **Harris was not a party to the action, and, of course, no verdict was rendered in his favor.** The liability of the gas company was not based solely upon the wrongful acts of Hoit, and, the liability not being so based, a finding in favor of Hoit did not prevent the rendition of a verdict against the appellant based on the acts of Harris shown to be wrongful and for which the appellant is liable under the doctrine of respondeat superior." (Emphasis ours.)

By comparison the position of the workmen released in this case was very similar to the position of Hoit in that case, while the position of Adams in this case, who is not a party, is comparable to the position of Harris in the cited case, who was Hoit's superior.

For the reasons stated, the contention of the plaintiff in error that the verdicts in this case are inconsistent and that the gas company should be released by reason of the verdict in favor of the workmen, who were made parties defendant, is denied.

The second contention of the Apache Gas Company is that the court refused to instruct upon its theory and proof in support thereof and did not submit to the jury the main issue upon which the case was tried.

In presenting this contention it is specifically asserted in the brief of the gas company that:

"The court correctly stated the issues, but refused to give the requested instructions submitting the contentions and proof of the defendants to the jury."

The requested instructions alluded to and set forth in the brief are:

"7. You are instructed that the defendants are not liable if the ditch was not dug into the line of the sidewalk prior to the time of the accident, and unless you do find from a fair preponderance of the evidence that the defendants did dig the ditch into the line of the sidewalk prior to the accident, and that this was the proximate cause of the accident, then your verdict must be for the defendants.

"9. You are instructed that the defendants did not owe the plaintiff the duty to place warning lights or barricades over the ditch in question, if it was not dug over the sidewalk, or public way at the time of the accident."

These requested instructions, of course, must be considered in the light of the evidence introduced by the defendants upon which they were intended to operate. In substance, the defendants demanded that the trial court advise the jury that if the open ditch involved in this case did not extend into the line of the sidewalk, the defendants should be released. In other words, it was apparently the theory of the defendants that their evidence tending to show that the ditch was not constructed beyond the sidewalk lines constituted a complete defense to plaintiff's action. This position was untenable. It is not necessary for a dangerous condition to be precisely on the sidewalk in order for it to become the basis of actionable negligence. Thus it was said by this court in the case of City of Miami v. Finley, 112 Okla. 97, 240 P. 317, in paragraph two of the syllabus, alluding to the responsibility of a municipality for defects in its streets:

"The rule that requires a municipal corporation to exercise ordinary care to know the condition of its sidewalks and keep them in a reasonably safe condition for such use (Bellevue Gas & Oil Co. v. Carr, 61 Okla. 290, 161 P. 203), **is not to be confined solely to the sidewalk track, but is to be extended to dangers near or in proximity to the sidewalk.**"

See, also, the cited case of Bellevue Gas & Oil Co. v. Carr, 61 Okla. 290, 161 P. 203.

In the case of City of Oklahoma City v. Meyers, 4 Okla. 686, 46 P. 552, it was said by this court:

"It cannot be said that a safe place for travel has been provided if abutting the sidewalk or in close proximity thereto there is permitted a deep excavation which even the

most careful of passengers would be in danger of falling into."

Thus the fact, if it is a fact, that the ditch involved in this case did not extend into the line of the sidewalk did not, as contended by the defendant, constitute a defense as a matter of law.

When we say that it is the duty of the trial court to instruct upon the theories of the respective parties, we do not mean that it is obligated to instruct upon a theory which is wholly untenable as a matter of law.

The evidence of the defendants tending to establish that the ditch did. not extend into the line of the sidewalk was competent for the consideration of the jury in determining the care which would be exercised by an ordinarily prudent person for the protection of pedestrians. An examination of the instructions of the trial court discloses that the jury was authorized to consider the evidence for that purpose.

The trial court did not assume, as a matter of fact, the precise location of the ditch in this respect, but by its instructions permitted the jury to determine that from the conflicting evidence relating thereto, and authorized them to consider it in determining the precautions which the gas company should have exercised for the protection of the traveling public.

We have examined the instructions of the trial court taken as a whole, and are unable to find therein any substantial or prejudicial error. The judgment is therefore affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. PHELPS, J., absent.