## SHELL PIPE LINE CORPORATION v. FREEMAN.

No. 26048. Oct. 27, 1936.

Rehearing Denied Dec. 15, 1936.

Joe T. Dickerson, Geo. W. Cunningham, C. W. Talbot, Stuart R. Carter, John C. Quilty, and W. D. Simms, for plaintiff in error.

Goode, Dierker & Goode, for defendant in error.

WELCH, J. The parties will be referred to herein as plaintiff and defendant, as they appeared in the trial court.

Plaintiff's suit was to recover damages alleged to have been caused by negligent construction and maintenance of the defend-

ant's pipe line and right of way which traversed plaintiff's land. Two thousand five hundred dollars' damage was sought for alleged damages to the land, and $475 damage was sought for alleged damage to plaintiff's crop.

The cause was tried to a jury, resulting in a verdict and judgment in favor of plaintiff of $850 for damage to the land, and $150 for damage to crops, and defendant appeals. The defendant upon appeal argues several assignments of error, which together present the contention that the verdict and judgment are contrary to the evidence and not supported by any evidence.

The record discloses that in 1930 plaintiff was the owner of some 45 acres of land, which was situate between the main channel of the North Canadian river and a secondary channel of said river. Across this land the defendant owned a pipe-line right-of-way easement over which it had previously constructed one six-inch pipe line and one ten-inch pipe line, the two lines being some six or eight feet apart. These lines traversed plaintiff's land a distance of 465 feet, where they then crossed the two river channels. In 1930 the defendant lowered the pipe lines several feet into the earth over the entire distance, placing the same underneath the bed of the two channels of the river. In so doing a ditch ten or twelve feet deep and approximately as wide was dug across the land, and the same was refilled by dragging the dirt removed therefrom back into the ditch after the lines were lowered therein. Plaintiff's principal means of ingress and egress to his land was by a road crossing the defendant's lines and right of way. The lands were used by plaintiff for agricultural purposes.

In the spring of 1932 the land was overflowed by waters from the Canadian river, being completely submerged for some days. When the waters receded there was a deep gulch in plaintiff's land some six or eight feet deep and 25 to 150 feet wide, commencing at a point where the pipe line entered the main channel of the river, and following the line across plaintiff's land a distance of approximately 100 feet, then drifting away from the pipe line in the direction of the natural flow of the water. There was also a considerable wash some 200 feet upstream from the pipe line, beginning at the main river channel. There were other washes in the land at various places thereon. It appears that the gulch caused by the high water from the defendant's pipe line and right of way was never refilled and the presence of same made it impractical and

at times impossible for plaintiff to go upon his land for the purpose of farming and preserving and retaining his crop.

The theory of plaintiff's cause of action is that the defendant was negligent in the matter of refilling the ditch excavated when lowering its pipe lines and in maintaining its right of way, and that such negligence was the proximate cause of the gulch washing during the overflow, which in turn prevented plaintiff from gaining access to his land, and which contributed to some of the erosions of plaintiff's soil. It is the defendant's defense and theory that the wash was caused by an act of God, and that no negligence was proved by the plaintiff, nor is it shown that any negligent act on the part of defendant was the proximate cause of the gulch washing in the land.

The defendant insists that plaintiff has failed to prove any act of negligence on its part; that all of the earth taken from the ditch in 1930 was replaced therein at that time, that there is no evidence to the effect that the same had been disturbed prior to the flood of 1932, and that common knowledge teaches that such replaced earth would have settled and become as compact as the surrounding soil within that period of time. It suggests that there was no further evidence tending to establish the improper refilling of the ditch or maintenance of the right of way, and that the verdict of the jury was purely speculative.

We have carefully examined the record and note therefrom that the jury was given the benefit of observing a detail map which, together with the evidence, fully explained the topography of the land and the immediate surroundings, including the meanderings and current direction of the two river channels, the elevation of the water and of the land at various points, and the character and extent of the various washes caused by the flood waters. It also had before it numerous photographs of the lay of the land and the various washes therein caused by the flood waters of 1932. It also heard the testimony of witnesses as to the character of the soil at various points.

It is our conclusion that any refilling of the ditch or maintenance of the right of way which would contribute to the soil washing therefrom more readily than from the adjoining soil would be sufficient upon which to base an inference of improper or negligent refilling or maintenance. And while it may be true that the mere washing away of the soil from defendant's right of way would not of itself be sufficient to

establish negligent refilling of the ditch, or negligent maintenance thereof, we are unable to say that that established fact, coupled with the knowledge of the entire surroundings, including the additional washes, the meanderings and currents of the streams, the character of the soil and the elevation thereof, is insufficient to justify the evident conclusion of the jury that the defendant failed to fully perform its duty in refilling its ditch and maintaining its right of way. The same evidence is in our opinion sufficient to justify the jury's conclusion that the washing of the soil was proximately caused by the manner of refilling the ditch and maintaining the right of way, and our conclusion in that regard appears sufficient to dispose of the defendant's propositions 1, 2, and 3.

Defendant contends that the testimony regarding the alleged damage to crops is to the effect that the flood waters destroyed the same. We point out that the record shows that after the waters receded the plaintiff would have been able, according to the testimony, to have replanted the crop in the year 1932, and the evidence further shows that the water did not damage a large amount of alfalfa, which could have been harvested had the land been accessible. We think the evidence sufficient to justify the verdict and judgment as to the damage to the crop.

The defendant requested the court to instruct the jury that "if you find defendant is liable to plaintiff for any damages sustained by him, if any, in no event shall the amount awarded by you as such damage exceed the reasonable cost of refilling or bridging the washout along defendant's pipe line so as to provide plaintiff with a roadway across said washout." The instruction was properly refused for the reason that it excludes the assessment of any damage to crops. Plaintiff's testimony shows the value of the land prior to the washout caused by the condition of the defendant's right of way, and the value thereof subsequent thereto, and the difference in the two valuations far exceeds the amount awarded by the jury. No effort was made by the defendant upon cross-examination to inquire into the details of this difference in valuation, or to ascertain the items entering into the calculation of the two values placed thereon, nor was there a proper requested instruction offered in this connection. An examination of the whole record, including the evidence and the instructions of the court, fails to reveal any probability that the jury considered any improper elements in assessing damages to the land at $850. We find no error in this regard.

The cause is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS and CORN, JJ., concur. RILEY, BAYLESS, BUSBY, and GIBSON, JJ., absent.