## SOUTHERN KANSAS STAGE LINES CO.
### v. CRAIN et al.

No. 27929.    April 18, 1939.

Stone, Moon & Stewart and Dudley, Hyde, Duvall & Dudley, for plaintiff in error.

R. M. Mountcastle, Phil K. Oldham, and John Barry, for defendants in error.

OSBORN, J.   This is an appeal by the Southern Kansas Stage Lines Company, a corporation, one of the defendants in the lower court, from a judgment rendered against it and in favor of the plaintiff below, Lawrence Crain, in the sum of $17,500. Lawrence Crain, plaintiff, brought this action in the district court of Muskogee county for damages to his automobile and personal injuries suffered by reason of a collision between plaintiff's automobile and one operated by the alleged servants and employees of the Southern Kansas Stage Lines Company.   The plaintiff originally filed suit against said bus company and Arley Phelps and Chet Turney, alleged employees of said company, but dismissed as to Arley Phelps before trial.  Upon trial of the cause the jury returned a verdict in favor of the alleged employee Chet Turney, exonerating him from negligence, but against the said Southern Kansas Stage Lines Company in the amount above stated.

The evidence disclosed that on the morning of the collision two passengers had purchased tickets from the local agent of the Southern Kansas Stage Lines Company at Tahlequah, Okla., for transportation from there to Muskogee, Okla., and were taken on the company's bus as passengers; a few miles out of Tahlequah the bus developed engine trouble which caused the defendant company's bus driver, Arley Phelps, to return to Tahlequah for repairs.  Upon return to Tahlequah Phelps called to Southern Kansas Stage Lines Company's shop foreman at Muskogee, Hershel Sherrill, who was in charge of transportation in that division, and asked him what to do about trying to drive the bus on in to Muskogee. Sherrill told Phelps to hire a cab at Tahlequah to bring the passengers and himself on to Muskogee.  Phelps was further advised that, since he was nearly an hour late, another driver would take Phelps' run from Muskogee to Tulsa. Phelps hired Chet Turney, a taxicab operator in Tahlequah who drove his own cab, to transport the passengers and himself to Muskogee as directed by Sherrill.  It was an extremely cold morning and the paved highway was slippery with ice.   When they left Tahlequah a few minutes before 8 o'clock, a. m., Phelps, who sat beside Turney, the driver, told him to "step on the gas," that they were due in Muskogee in ten minutes.

It is obvious, however, that Phelps had no idea of endeavoring to reach Muskogee, which was 30 miles from Tahlequah, on schedule. Several times during the trip Phelps gave Turney instructions with reference to his driving. Turney testified that he drove at a speed of 50 to 60 miles per hour on the trip, but that he would not have driven that fast if Phelps had not directed him to "step on it". After crossing the Arkansas river bridge and when rounding a curve in the highway at a speed of approximately 50 miles per hour the taxicab skidded on the ice-covered highway and collided with the plaintiff's car. It was undisputed that the plaintiff's car was being driven at a very slow speed, practically stopped, on the right-hand side of the highway with the right-hand wheels completely off the pavement on the shoulder of the highway at the time of the collision. As a result of the collision the plaintiff suffered personal injuries and his automobile was damaged.

The defendant's first assignment of error is based upon the rule that under the doctrine of respondeat superior, if the employee, by reason of whose alleged negligence the employer is liable, be exonerated by the jury in a suit against the employer and employee by the injured party, then a verdict against the employer is illogical and cannot stand, since the employer's liability, if any, is founded upon his employee's negligence. Consolidated Gas Utilities Co. v. Beatie, 167 Okla. 71, 27 P.2d 813. However, as pointed out by this court in Apache Gas Co. v. Thompson, 177 Okla. 594, 61 P.2d 567, the rule is confined strictly in its application to those cases where the liability of the employer is based solely upon the doctrine of respondeat superior, and by reason of the exclusive negligence of the employee who had been exonerated by the jury's verdict. As was stated in that case:

"Neither does it apply where the responsibility of the master as determined by the jury may have arisen by reason of the negligence of some other servant or employee who was not made a party to the litigation and who has not been exonerated by the jury. In such cases the two verdicts are neither inconsistent nor self-contradictory."

In the instant case the plaintiff alleged not only that Turney, the taxicab driver, was negligent, but further alleged negligence on the part of Phelps, the bus driver who was seated beside Turney and during the trip gave instructions as to the operation of the taxicab. Consequently, under the evidence and pleadings herein, the plaintiff did not rely solely upon the negligence of Turney, but sought to bring himself within the exception above stated.

Moreover, the defendant corporation recognized that the negligence of the other employee, Phelps, who was not a party to this suit, was an issue in the trial by submitting certain requested instructions which the trial court gave to the jury as instructions numbered 3 and 4. Under these requested instructions, before the jury could return a verdict against the defendant corporation, it was necessary that it find Phelps retained some control over the actions of the taxi driver, Turney, in operating the taxicab, either by express authorization of the defendant corporation or as within the scope of his employment and authority as an employee, and that the acts of Phelps, the bus driver, were the proximate cause of the injuries to the plaintiff without which the injuries to the plaintiff would not have occurred. Thus, we find that this case was not tried by either the plaintiff or the defendant upon the theory that the defendant corporation's liability was predicated solely upon the negligence, if any, of the one employee, Turney.

In view of the foregoing circumstances and the previous expressions of this court in Apache Gas Co. v. Thompson, supra, the exoneration of the employee, Turney, did not also exonerate the defendant corporation, since the jury could have found that there was concurring negligence on the part of the defendant's employee, Phelps, who was not a party to the action and who was not exonerated by the jury, and under the above instructions of the trial court, that is what the jury found. St. Louis-San Francisco Ry. Co. v. Bell, 134 Okla. 251, 273 P. 243; St. Louis-San Francisco Ry. Co. v. Simmons, 116 Okla. 126, 242 P. 151; Apache Gas Co. v. Thompson, supra.

The above conclusion disposes of all of the defendant's assignments of error except that regarding the question of whether the verdict herein is grossly excessive.

We have made an exhaustive study of the evidence relative to the question of whether $17,500, the amount of the judgment herein, is grossly excessive. The evidence discloses that the kneecap of plaintiff's right leg was fractured and the tendons on it torn loose, necessitating an operation to replace said

kneecap. It is obvious that the injury was painful, and it is probable that the injury is permanent. The plaintiff's doctor stated that the plaintiff had suffered a severe and painful injury and would have to be careful, but with proper care it would probably be all right within a year or two. The plaintiff also suffered a cut lip and bruises and for several weeks immediately after the injury suffered from a nervous rash apparently as a consequence of shock.

The plaintiff is a man 66 years old and was working as a salesman for a wholesale drug company at a salary of $50 per month and commissions on his sales as well as being paid for using his automobile. According to plaintiff's testimony, his total gross income did not exceed $125 per month, and it is doubtful if it was that much. At the time of the trial the plaintiff was walking with the aid of crutches and was gradually regaining sufficient strength to walk without them, although it would take some time to regain complete use of his right leg.

The plaintiff stated that he had been able to drive his car the only time since the injury he had tried, and also that during the month prior to the trial he had been going to his employer's and helping put tax stamps on cigarettes for a few hours each day.

The question of whether a verdict in a given case is excessive must be determined from the facts in the individual case, and under the evidence herein we are of the opinion the verdict was grossly excessive and are justified in inferring that there was prejudice and passion on the part of the jury from the magnitude of the verdict. Missouri, O. & G. Ry. Co. v. Parker, 50 Okla. 491, 151 P. 325; Chicago, R. I. & P. Ry. Co. v. Warren, 132 Okla. 109, 269 P. 368; St. Louis-San Francisco Ry. Co. v. Hodge, 53 Okla. 427, 157 P. 60.

If the plaintiff, defendant in error here, in 15 days after mandate is filed in the trial court, will file a remittitur of all the judgment in excess of $10,000, the judgment will be affirmed. If the remittitur is not filed within the time allowed, the cause will stand reversed and remanded for a new trial.

BAYLESS, C. J., and HURST, DAVISON, and DANNER, JJ., concur. CORN, J., dissents. GIBSON, J., not participating. WELCH, V. C. J., and RILEY, J., absent.