## ANTHONY v. COVINGTON et al.

No. 29213.   Feb. 6, 1940.

Rehearing Denied March 12, 1940.

Application for Leave to File Second Petition for Rehearing Denied April 2, 1940.

*100 P. 2d 461.*

John R. Miller, L. O. Lytle, Roy T. Wildman, and Rex Anspaugh, all of Sapulpa, for plaintiff in error.

Tom Payne, of Okmulgee, for defendant in error.

DANNER, J.   The owner of an automobile permitted its use by one whom he knew to be a careless and reckless driver. The driver, who it is conceded was not the servant of the owner, drove the car on the streets of Okmulgee and collided with plaintiff, who was on foot.

Plaintiff sued the owner and the driver jointly. The jury returned a verdict against the defendant owner, and made no report of any finding at all, one way or the other, as affecting the defendant driver. The owner excepted to the verdict, and also moved for judgment notwithstanding the verdict, which motion was overruled. The trial judge rendered judgment in favor of the plaintiff against the owner, and further finding that because of the jury's failure to find either for or against the driver, the jury intended for the plaintiff to take nothing against the driver. Accordingly, the court entered judgment in favor of the driver.

The owner appeals, making the plaintiff and the driver defendants in error. The plaintiff has not filed any cross-appeal, against her failure to obtain judgment against the driver.

The judgment was predicated upon the rule used in Coker v. Moose, 180 Okla. 234, 68 P. 2d 504, and Anderson v. Eaton, 180 Okla. 243, 68 P. 2d 858, to the effect that the owner of an automobile who loans it to another, knowing that the borrower is so incompetent or reckless in his driving as to render an automobile in his hands a dangerous instrumentality, is liable for injuries caused third persons by the borrower's negligence. The plaintiff contends that the judgment should be affirmed by reason of said rule, while the defendant criticizes the rule and contends that the facts of the case do not warrant its application. It is unnecessary for us to concern ourselves with that argument. It will be observed that the reversal of this judgment is predicated neither upon a reaffirmance nor a rejection of the rule. If, allowing plaintiff every reasonable benefit of the rule, and hypothetically applying said rule to the case for the purpose of reasoning, the judgment cannot stand, then it is unnecessary either to approve or criticize said rule.

The proof of a case, even under the rule, entails the proof of four requisites,

according to the almost unanimous opinion of the courts and text-writers, and the fourth of said requirements is proof that plaintiff was injured by reason of the negligent operation of the automobile by the borrower. Jones v. Harris, 122 Wash. 69, 210 P. 22; 2 Blashfield, Cyc. of Auto. Law, 1332; 4 Berry, Law of Auto's (7th Ed.) 710; 7 Huddy, Cyc. of Auto. Law (9th Ed.) § 118; Restatement of Law of Torts, p. 1060; Annotations, 36 A. L. R. 1148, 68 A. L. R. 1013, 100 A. L. R. 920; 5 Am. Jur. 696.

It must almost be self-evident that the said fourth requirement, set forth above, is a logical necessity. A complete perusal of the text-writers and reported decisions has failed to reveal any statement of the law or any decision fastening liability upon the owner in the absence of negligence of the driver contributing to the accident. Even the authorities quoted in plaintiff's brief recognize its necessity.

Plaintiff argues that negligence of the driver is unnecessary, that the instant judgment is not dependent upon the master and servant relationship, but that the negligence of the owner in intrusting the automobile to the driver is the negligence which is relied upon. Nevertheless, if an accident occurs in which the driver is not negligent, there is no *causal connection* between the owner's precedent negligence and the injury itself. As stated in the Jones Case, supra, and in virtually all of the pronouncements of the rule, it is the *combined* negligence of the owner and operator which fastens liability upon the owner. Otherwise the plaintiff's recovery would rest on no stronger basis than the "but for" doctrine. In spite of the absence of the master and servant relationship, the liability under the present rule, just as under the master and servant rule, is dependent. Dependent because negligence of the driver must exist, in order to provide a causal connection between the injury and the bailment. In Gerritsen v. City of Seattle, 164 Wash. 459, 2 P. 2d 1092, it was held that where a school district had closed a street with the city's permission, and maintained a barrier thereon, a verdict exonerating the school district necessarily exonerated the city. There the plaintiff argued that as the case did not rest upon the doctrine of respondeat superior, the city was liable anyway. The court did not agree with that contention, and pointed out that if the act of the school district in placing the barrier there had judicially been determined not to be negligence, in such manner as to be binding between the plaintiff and the city, then the city could not be held, there being no predicate upon which to pin the liability. The court quoted from the case of Sawyer v. City of Norfolk, 136 Va. 66, 116 S. E. 245, an action against a city and a restaurant, for injuries occurring to plaintiff by a door of the restaurant swinging outward over the sidewalk and becoming an obstruction to pedestrians. There was no master and servant relationship, of course. The jury exonerated the restaurant and at the same time awarded recovery against the city. The judgment was reversed, the court saying, in part:

"It is closely related to the question of res adjudicata, and is governed by the same principle. Where there has been litigation which has in fact determined the point in controversy, and there has been a final judgment, that judgment is conclusive. Where the subject matter is identical, and the evidence is of necessity the same, the question cannot be reopened. * * * It is manifest here that, as the defendants, the Puritan Restaurant, have been acquitted of any actionable negligence out of which the injury of the plaintiff arose, the city of Norfolk cannot be held liable therefor, because its liability is derivative, and under the facts of this case depends upon the alleged specific negligence of the Puritan Restaurant. This issue having been judicially determined adversely to the plaintiff, the city is not liable for his injuries, which he alleges were thereby caused."

Strictly speaking, the liability is not derivative,—it is dependent.

A number of decisions involving similar or analogous situations, not involving the servant and master relationship, yet arriving at the result that dependent liability cannot be imposed in the face of exoneration of the defendant whose negligent acts are claimed to have been the immediate cause of plaintiff's injury, are cited in the Gerritsen Case (Wash.) 2 P. 2d 1092 at 1094. In the master and servant cases the servant's negligence is imputed directly to the master; in the present type of case, involving combined negligence, if it be decided that the driver was in fact not negligent, but, on the contrary, was free from blame, there is a loss of connection between the injury and the owner's original negligence, if any, in intrusting the automobile to the ordinarily reckless driver. Were this not true, the owner would be liable however carefully the car might have been operated, which would be an absurdity.

In the manner suggested by the Supreme Court of the United States, in a case, however, involving the master and servant relationship (New Orleans & N. E. R. Co. v. Jopes (sic), 142 U. S. 18, 35 L. Ed. 919, 12 S. Ct. 109), suppose we eliminate the driver entirely, and assume that the owner himself, driving the car, had conducted himself exactly as the driver did. The judgment herein has decreed that either (a) such conduct was not negligent, or (b) that it was not the cause of the accident, or (c) that plaintiff was guilty of contributory negligence. If those acts or omissions would not fasten liability upon the driver, by what logic could it be said that they would fasten liability upon the owner, even if he himself were driving instead of intrusting the car to the driver? Can it be said that if sued as a lender of the car, for the same acts, a different rule obtains, and he should be held liable? The court in the above decisions stated that the question carries its own answer.

The only distinction readily occurring to the mind is that in a master and servant case the absence of the servant's negligence removes negligence entirely, while in cases using the rule in question, absence of the driver's negligence in the particular accident does not remove the owner's precedent negligence, if any, but does remove causal connection between that negligence and the injury.

Cases using the rule involving an owner's liability for loaning a car to one known to be reckless may be found in the American Digest System under the heading "Automobiles," Key Number 192 (11), 244 (25) and sometimes 195 (3). Virtually all of them include negligence of the driver in the specific accident as one of the elements of the rule, and the necessity of its presence seems seldom to have been questioned; so seldom, in fact, that no subdivision on the question appears in any of the A. L. R. annotations, supra. The question was briefed, however, and expressly decided in Rush v. McDonnell, 214 Ala. 47, 106 So. 175. That case, as this one, was predicated on the negligent bailment theory, and also, as in this case, the contention was advanced that negligence of the driver was unnecessary in such a case in order to hold the owner liable. We quote the 7th syllabus and the applicable portion of the opinion:

"The injurious conduct of bailee of an automobile, resulting from his incompetence as a driver, is a necessary factor of owner's liability, without which wrongful bailment could not be said to be proximate cause of injuries. * * *

"We are not confusing the liability of the driver of the car, or of his principal, for the negligent operation of the car, with the liability of the owner or custodian of the car for intrusting its operation to an incompetent driver. The two phases of liability are separate and distinct, and in the latter case the liability is not based upon the doctrine of respondeat superior. Yet the injurious conduct of the bailee, resulting from his incompetency as a driver, is a necessary factor to the liability of the owner or custodian, without which the wrongful bailment could not be said to be the proximate cause of the injury. Hence any consideration of the owner's lia-

bility must involve also a consideration of the conduct of the bailee and of his legal culpability. Parker v. Wilson, 179 Ala. 361, 370, 60 So. 150, 43 L. R. A. (N. S.) 87."

The following is from 42 C. J. 1079, under the heading "Intrusting Vehicle to Incompetent Driver":

"This liability does not rest upon the doctrine of respondeat superior, but nevertheless the injurious conduct of the driver resulting from his incompetency is a necessary factor in the liability of the owner."

We conclude that if a third person is injured by the car while same is being driven in a careful and prudent manner by the driver, who is in no wise at fault, then there is no causal connection between the owner's prior negligence, if any, and the injury, and the owner is not liable.

It appears that the authorities are almost unanimous to the effect that in negligence actions, where the liability of one defendant is predicated *solely* on the culpability of a codefendant, and hence is dependent, a judgment in favor of the latter and against the former is erroneous and cannot stand.

Since in both master and servant cases and negligent bailment cases the liability is dependent upon the negligence of the servant or driver, master and servant cases considering whether release of the servant should release the master are largely in point in negligent bailment cases, insofar as the precise question which we are now considering is concerned. Therefore those cases may be considered, for the purpose of reasoning.

Where the master's liability is predicated solely on a servant's negligence, a judgment against the master, on a verdict finding against the master and in favor of the servant, is error, and such judgment cannot stand. Shell Petroleum Corporation v. Blair, 178 Okla. 361, 65 P. 2d 180; Shell Petroleum Corporation v. Wilson, 178 Okla. 355, 65 P. 2d 173; Consolidated Gas Utilities v. Beatie, 167 Okla. 71, 27 P. 2d 813; St. Louis & S. F. R. Co. v. Dancey, 74 Okla. 6, 176 P. 2d 209; Chicago, R. I. & P. Ry. Co. v. Reinhart, 61 Okla. 72, 160 P. 51.

But where the liability of the master is not necessarily dependent, as in cases of the breach of a nondelegable duty, a judgment in favor of the servant does not release the master. Texas Co. v. Taylor, 178 Okla. 21, 61 P. 2d 574; Indian Territory Illuminating Oil Co. v. Graham, 174 Okla. 438, 50 P. 2d 720; Southern Drilling Co. v. McKee, 171 Okla. 409, 42 P. 2d 265; Texas Co. v. Alred, 167 Okla. 128, 28 P. 2d 556.

Too, although the type of liability involved may necessarily be dependent, a judgment in favor of the servant does not relieve the master where, under the proof, the liability of the master did not arise solely by reason of the alleged negligence of the servant released by the judgment but arose by reason of the negligence of some other servant not released or affected by the judgment. Southern Kansas Stage Lines Co. v. Crain, 185 Okla. 1, 89 P. 2d 968; Apache Gas Co. v. Thompson, 177 Okla. 594, 61 P. 2d 567.

The jury should have been required to find one way or the other as to the driver or should have been discharged and a new trial ordered. The trial judge, however, rendered judgment for the defendant driver, and the plaintiff has not prosecuted any appeal or cross-appeal from that judgment. On the other hand, the defendant owner makes no complaint of said action by the trial judge; conversely, he contends that the jury and the judge were eminently correct in that respect because of the contributory negligence of the plaintiff, if for no other reason.

Accordingly, the judgment must be reversed and the cause be remanded, with directions to enter judgment for the plaintiff in error, and it is so ordered.

BAYLESS, C. J., and RILEY, CORN, GIBSON, and HURST, JJ., concur. WELCH, V. C. J., concurs in conclusion. OSBORN and DAVISON, JJ., absent.