## DANIEL LUMBER CO. et al. v. SETTLE-MIRE.

### No. 4844.

Court of Civil Appeals of Texas. Beaumont.
April 3, 1953.

Rehearing Denied April 22, 1953.

Vinson, Elkins, Weems & Searls, Houston, Pitts & Liles, Conroe, for appellants.

McClain & Harrell, Conroe, for appellee.

PER CURIAM.

C. A. Settlemire, the appellee, brought suit against Daniel Lumber Company, a partnership, and the appellants Charles H. Daniel and Jack W. Daniel and three other individuals, both individually and as members of the partnership Daniel Lumber Company, and Kennie Chancey, for damages arising out of an automobile-truck collision in Montgomery County. The suit was dismissed as to certain of the individuals and the case went to trial with the appellants and Kennie Chancey as defendants. The case was tried to a jury and in response to special issues submitted the

jury made findings favorable to the appellee. On the verdict and the pleadings, which contain some admissions, the court entered judgment in favor of the appellee against the appellants Charles H. Daniel and Jack W. Daniel, jointly and severally, in the sum of $15,000 on motion of the appellee. The judgment did not specifically dispose of appellee's suit against Kennie Chancey, but it did provide that all other relief sought by either party and not specially decreed was denied. After their motion for new trial was overruled the appellants duly perfected their appeal.

Their first eight points challenge the sufficiency of the evidence in various ways. By the various points the appellants contend that the trial court should have instructed a verdict in their favor; that the undisputed evidence showed that the appellee was guilty of contributory negligence proximately causing the collision which was the basis of the suit; that the jury's finding that just prior to the collision appellee did not fail to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances is without support in the evidence; that such finding by the jury is not supported by sufficient evidence; that the finding of the jury that just prior to the time of the collision appellee was not driving his automobile so as to follow the truck driven by Kennie Chancey more closely than was reasonable and prudent, having due regard for the speed of his automobile and that of the truck driven by Chancey and the traffic at the time and place and the condition of the highway, was against the great weight and preponderance of the evidence; that the finding of the jury that appellee did not fail to keep his automobile back sufficient distance as would have been kept by an ordinary prudent person so as to provide for the contingency of the truck in front suddenly stopping is not supported by sufficient evidence; that such finding is against the great weight and preponderance of the evidence. We have read all of the statement of facts and believe that all of the jury's findings are supported by sufficient evidence. The first eight points are overruled.

■ A resume of the evidence is necessary. C. A. Settlemire, the appellee here and plaintiff in the trial court, was driving south on Highway 69 in Montgomery County at about 45 miles per hour and his wife was riding in the car with him. The truck of the appellants, driven in the course of his employment by Kennie Chancey, traveling in the same direction as he was, passed his car shortly before the collision. At the time of the passing a large convoy truck, fitted for transporting automobiles, was parked about a block in front of the two vehicles. It was parked on the right-hand side of the road and was either completely off the paved portion of the highway or had its left wheels on the pavement only a few inches. As the truck of the appellants passed appellee's car it brushed the left front fender of the car and, since it passed the car, it was traveling a little faster than the car. Immediately after passing it pulled back on its righthand side of the road and came to a sudden stop at a point about even with the parked convoy truck. The driver of the truck gave no sign by hand signal to indicate that he was about to stop his truck. The truck had red stop lights on the back of the cab but they were covered by chains over an "A" frame so that appellee did not see the red stop lights. The appellee himself testified that the truck reached a point of about 20 steps at its furtherest distance in front of him as it passed him; and that appellants' truck traveled about a block after it passed him before it stopped. Appellee put on his brake and attempted to stop but was unable to do so in time to avoid the collision and his car ran into the rear of the truck. Both Mr. and Mrs. Settlemire were seriously injured in the collision. The appellee further testified that he saw the truck from the time it passed him to the time of the collision, that the truck came to a sudden stop. Mrs. Settlemire testified to practically the same facts as her husband did. She added that there was nothing in the highway in front of the truck to prevent its continuing on down the highway, and that the shoulders on both sides of the highway were wide enough for the truck to pull off and stop. Another witness,

Bonin, testified that at the time he noticed the truck starting to slow down appellee's car was about 25 or 30 feet behind the truck. The witness Minney testified that he was driving south on the same highway at the time of the accident and first saw the appellants' truck when it passed him. After the truck passed him he saw the Settlemire car. He further testified that "the truck pulled out from his right of the road as usual, pulled around the car, cut square in front of him, and stopped." He saw the truck stop and it didn't take it long to stop. When asked the question, "How far ahead of this car did the truck get before it started to stop?" he answered "the truck didn't get too far because he just cut around and straightened up and stopped."

The statement of facts is voluminous, containing some 419 pages of testimony, but the above is sufficient to show that the jury's findings were supported by sufficient evidence. The appellants contend in their brief that Settlemire was shown by the undisputed evidence to have been guilty of contributory negligence as a matter of law when he followed the truck in front of him so closely that he collided with it when it stopped. Of course, from the evidence here Settlemire could hardly be said to be following the truck. The truck passed his car, got in front of him and within a matter of seconds came to a stop. The trial court submitted to the jury an issue as to whether Settlemire was driving his automobile so as to follow the truck more closely than was reasonable and prudent, having due regard for the speed of his automobile and that of the truck, and the traffic and condition of the highway and the jury found that Settlemire was not driving his car more closely than was reasonable and prudent. Under the authorities of Little Rock Furniture & Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, by the Supreme Court; Lone Star Gas Co. v. Fouche, Tex.Civ.App., 190 S.W.2d 501, it was a question of fact for the jury to determine whether a driver who collides with a vehicle in front of him was guilty of negligence under the circumstances. This the jury determined by its verdict, and it acquitted appellee of any negligence under these circumstances as shown. There was ample testimony also to support the jury's finding that appellee was keeping a proper lookout, under the circumstances.

By their ninth, tenth, and eleventh points, the appellants complain of the action of the trial court in "rendering judgment against them and in favor of Kennie Chancey, the driver of the truck, when the liability of the appellants, if any, was a derivative and based solely on the culpability of said Kennie Chancey, and because the liability, if any, of these appellants was a joint and several liability with the said Kennie Chancey, and because the judgment entered was not in conformity with the verdict and findings of the jury, no motion to disregard or set aside such findings having been filed or presented." These points present no error, but we are convinced that if they do, no harm to the appellants thereby is presented and they do not show any cause or ground for reversal of the judgment. The verdict of the jury found sufficient facts upon which a judgment in favor of the appellee against Kennie Chancey would have been proper. It was admitted in the pleadings that he was acting within the course of his employment for the appellants at the time of the collision, and it was so admitted in the evidence. In the judgment rendered by the court, judgment was rendered against the appellants in favor of the appellee but judgment was not rendered against Kennie Chancey. The judgment disposed of Kennie Chancey by implication only. This is sufficient to make the judgment a final judgment, disposing of all the parties as to the matters at issue. Woods v. Osborn, Tex.Civ.App., 113 S.W.2d 636; Guerra v. Garza, Tex.Civ.App., 93 S.W.2d 537. The appellee, plaintiff in the trial court, could have sued either the employee or the employers without joining the other, and neither of such parties was a necessary party to such a suit. And when both employers and employee are joined in one suit as defendants, as was done here, each is liable for the whole amount of the judgment, if one is recovered, and the successful plaintiff may pursue his remedy against either or both such parties against whom judg-

ment is rendered. In such case, however, the plaintiff can have but one satisfaction of his judgment. Hunt v. Ziegler, Tex. Civ.App., 271 S.W. 936; 41 Texas Juris, 371 and cases cited. When more than one defendant is sued, judgment against some of the defendants and not against the others is proper, even though the jury's verdict or the court's findings in the case would warrant judgment against the others. Miller v. Sullivan, 89 Tex. 480, 35 S. W. 362; Taylor Water Co. v. Dillard, 9 Tex.Civ. 667, 29 S.W. 662; San Antonio Gas Co. v. Singleton, 24 Tex.Civ.App. 341, 59 S.W. 920; Rowan v. Daniel, 20 Tex. Civ.App. 321, 49 S.W. 686; Burd v. San Antonio Southern R. Co., Tex.Com.App., 261 S.W. 1021; Galveston H. & S. A. Ry. Co. v. Pigott, writ refused, 54 Tex.Civ.App. 367, 116 S.W. 841. Even though the verdict were against all the defendants, judgment against only one of them was proper, when the liability was joint and several, and the judgment was not subject to the attack that it was not in accord with the verdict. Burd v. San Antonio Southern R. Co., supra.

■ The appellants contend in their brief that they may suffer harm in that they might find that they are precluded from recovering contribution from their truck driver, Kennie Chancey, under the doctrine of res judicata. They cite and rely upon as their authority in this contention Anthony v. Covington, 187 Okl. 27, 100 P.2d 461, an Oklahoma case. The settled rule in Texas, however, seems to be to the contrary. As stated in 26 Texas Jurisprudence 232 et seq., "The general statement, so frequently found in the decisions, that a judgment is binding upon the parties to the suit in which the judgment was rendered is, as a matter of fact, too broad, because a judgment is usually binding only in respect of adversary parties. In other words, a judgment for or against two or more joint parties does not ordinarily determine their respective rights as between themselves, and they may neither rely upon it in regard thereto nor assail it, in any subsequent litigation between them, unless they filed cross-pleadings putting such rights in issue and the judgment

adjudicated them. * * * As between the several defendants thereon, a joint judgment establishes nothing but their joint liability to the plaintiff. * * * And it seems that this principle applies even though the judgment goes in favor of one of the defendants. Thus it has been held that a judgment in favor of a plaintiff as to one defendant, but against him as to another is not res judicata of the rights of the defendants in a subsequent suit between them." Cases in which this principle is adhered to are Still v. Lombardi, 8 Tex. Civ.App. 315, 27 S.W. 845, writ refused, Spur Ind. School Dist. v. W. A. Holt Co., Tex.Civ.App., 74 S.W.2d 420; Hoxie v. Farmers & M. Nat. Bank of Fort Worth, 20 Tex.Civ.App. 462, 49 S.W. 637.

The appellee points out that appellants and Kennie Chancey were not adverse parties. They were represented by the same counsel, who filed answers for and represented both of them on the trial. No cross-action was filed for indemnity or contribution. Their status in regard to contribution from Chancey seems to be as bright and unchanged after the judgment rendered as it would have been had judgment been rendered against him as well as against the appellants, in favor of the appellee.

■ Even if error was committed by the court in this respect, the appellants have not been harmed or prejudiced in any way by it. We believe that this is elementary and no authorities are cited except Rule 434, Texas Rules of Civil Procedure. Appellee cites a number of Texas authorities in his brief, which are unanimous in their holdings to the effect that an appellant shows no ground for reversal of a judgment against him by pointing an error of the trial court which in no way harmed or affected him.

■■ By their 12th, 13th, 14th, and 15th points the appellants complain of the action of the trial court in sustaining objections by the appellee to some proposed argument by appellants' counsel. Counsel for appellants wanted to argue to the jury that "the law of this State provides that the driver of a motor vehicle shall not fol-

low another vehicle more closely than is reasonable and proper, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway; that the law of this State is that in trailing other vehicles, a motorist must govern his speed or keep back a reasonable, safe distance so that as to provide for the contingency of the vehicle in front suddenly stopping or decreasing its speed so that he can stop or decrease his speed to avoid a collision or can safely turn out to pass the vehicle in front; that the law of this State is that in trailing another vehicle, a motorist must govern his speed or keep back a reasonable safe distance so as to provide for the contingency of the vehicle in front suddenly stopping or decreasing its speed so that he can stop or decrease his speed to avoid a collision or can safely turn out and pass the vehicle in front, and that such law governs the operation of a motor vehicle upon the roads of this State and Kennie Chancey had the right to rely on it, and Mr. Settlemire, in disregarding that law, was guilty of negligence; that the law of this State provides that any stop signal given by such vehicle as then operated by defendant Chancey might be given by signal lamp as well as by hand and arm, under the law of this State." When objection was made counsel for the appellee stated to the Court that they had no objection to counsel telling the jury they are presumed to know the law or that Mr. Settlemire or Mr. Chancey were so presumed, but that the objection was for counsel to tell the jury what the law is. Counsel for appellants replied "I wish to tell them the law as outlined in Article 6701d of the Statutes of Texas, which is the law of the road of this State." The trial court ruled that the objection to reading any law from any statute would be sustained; that the court has given the law in its charge. When counsel next announced that he wished to make the argument to the jury that it was the law of this State that a motorist in trailing other vehicles must govern his speed, etc., so that he can stop or decrease his speed to avoid a collision, appellee's counsel stated that he had no objection to counsel telling the

man what his duty is as he sees it but objected to him saying what the law provides. Counsel for the appellee made further objection as to any argument counsel for appellants proposed to make by which he meant to tell the jury his view of the law in regard to any issue in the case other than the law that might be contained in the court's charge.

It is the duty of the trial judge to inform the jury as to the law of the State. Argument of counsel should be directed to the facts and the law as given only in the court's charge. Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291; Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000. We think the trial court was correct in sustaining the objections to the proposed argument by counsel for appellants and the points are overruled.

The judgment of the trial court is affirmed.