## BALES v. McCONNELL *et al.*

No. 663.    Opinion Filed November 16, 1910.

NEGLIGENCE—Personal Injuries—Proximate Cause—Defective Machinery.    Where an employee while working close to a horse-power corn sheller slipped from a wagon and upon striking the ground threw out his hand to steady himself and was injured by the hand coming in contact with certain moving cogs in the machine negligently left unguarded; held, that the unguarded cogs were the proximate cause of the injury.

(Syllabus by the Court.)

*Error from District Court, Grant County; W. M. Bowles, Judge.*

Action by D. B. Bales against Gault McConnell and others. Judgment for defendants, and plaintiff brings error.    Reversed.

*Sam P. Ridings* and *E. C. Elliott,* for plaintiff in error.

*F. G. Walling* and *Parker & Simons,* for defendants in error.

TURNER, J.    On February 20, 1908, D. B. Bales, plaintiff in error, as plaintiff, sued Gault McConnell, George McConnell, and Oscar McConnell, defendants in error, in the district court of Grant county in damages for personal injuries.    The amended petition substantially states that on February 26, 1906, defendants owned and operated a horse-power corn sheller on the farm of Mrs. Dolan in Grant county, then territory of Oklahoma, and were then and there shelling her corn at so much per bushel; that plaintiff was then and there employed by Mrs. Dolan, with the consent of defendants, "to work in and about said machine and handle the corn before and after the same was shelled"; that on said day, while so employed, "defendants carelessly and negligently took and removed from over and around certain wheels, connected by cogs and operating together, the protector and shield from over and around said wheels, which was so placed, when said machine was manufactured, over and around them to protect persons coming in contact with the said machine from being injured by the said cogs and wheels"; that:

"Plaintiff was familiar with said machine and other machines of the same make and style, and knew that said wheels and cogs on said machines were constructed with the shield over and around them to protect persons as above stated. And that plaintiff, while so working in and around said machine, as above stated, after the said defendants had so removed said shield and protector, and without any knowledge on his part that the said shield and protector had been so removed, and without any knowledge on his part that the said defendants were operating said machine without said shield or protector, and without any negligence on his part, slipped down and from a wagon standing by and near said machine, and by and near said cog-wheels; which said wagon was being loaded with grain shelled by said machine. And upon alighting on the ground near said machine and near said cog-wheels, and supposing that said shield and protector was over, upon and around said cog-wheels, said plaintiff reached out his hand to place the same upon said machine in order to steady himself. And from the fact that the said shields and protector had been removed from over and around said cog-wheels, as above stated, and said machine was being carelessly and negligently operated by the said defendants without said shield and protector, the said hand of the plaintiff, which he had so placed upon said machine, as above stated, the same being his left hand, was caught in said cog-wheels; and the said hand was torn, crushed and mangled  *  *  * ";— that defendants knew that divers persons were working around said machine near said cogs and that it was necessary for the protection of plaintiff and other such persons to have said shield in use on said machine; that the injury was caused on account of the careless and negligent manner in which defendants were operating said machine without the use of said safety device, and that owing to their negligence, as stated, he was damaged in the sum of $10,000, for which he prayed judgment.

To the amended petition defendants filed separate general demurrers, which were sustained, and, plaintiff refusing to plead further, judgment was rendered and entered dismissing his cause. He brings the case here. In support of their demurrers defendants contend that their negligence in failing to use the safety device, as alleged, was not the proximate cause of the injury. They say:

"At the most it can only be said that the exposed cog-wheels

gave rise to the condition which made the accident possible, and which was in fact caused by the slipping and falling of the plaintiff from the wagon standing by. A simple test to determine the rule of liability in this case is this: If the plaintiff had not slipped and fallen from the wagon, would the accident have occurred? The answer is, necessarily, 'No.' Without his slipping from the wagon it could not have occurred, and hence that was the efficient and proximate cause of the accident."

The court, in effect, so held. The court erred. That which caused plaintiff to slip from the wagon was the cause of his fall, but the negligently unguarded cogs were the proximate cause of his injury. In *Postal Tel., &c., Co. v. Zopfi,* 93 Tenn. 369, as to proximate cause, the court said:

"A familiar illustration is the fall of a person upon an ice-covered pavement into an open cellar. In such case the ice is the cause of the fall, but the open cellar may cause an injury which, but for it, would not have occurred."

In *Postal Tel., &c., Co. v. Zopfi, supra,* plaintiff sought to recover damages for personal injuries sustained by his minor daughter at the hands of the defendant company, alleging loss of her services. The facts substantially were that defendant had negligently left a telegraph pole lying between the platform and the first stepping stone leading from his front gate to the pike; that his little daughter on her way home from school on a rainy day, in stepping over the pole to pass in at the gate, stepped upon the platform, slipped, lost her balance, fell upon the pole, and was injured. On the question of proximate cause the court charged the jury, concerning which the Supreme Court said:

"We think there is no error in the charge thus given, and the trial judge drew a proper distinction between the cause of the fall and the proximate cause of the injury. This is well illustrated in the case of *Denning v. Cotton Compress Co.,* 6 Pickle, 353."

—And affirmed the judgment of the trial court.

This case is cited and followed in *Anderson v. Miller,* 96 Tenn. 35, concerning which the court said:

"In *Postal Tel. Co. v. Zopfi,* 9 Pickle, 374, the same distinction is illustrated where the fall of a young girl was caused by the slippery condition of a walkway, but the injury proximately

resulted from the telegraph company negligently leaving its pole where she fell upon it, and received an injury which would not have resulted but for the presence of the pole, even though she had fallen. In that cause a hypothetical case is put to further illustrate the distinction of a person falling upon an ice-covered pavement into an open cellar. In such case the ice is the cause of the fall, but the open cellar may cause an injury which, but for it, would not have occurred."

*Rosenbaum v. Shoffner,* 98 Tenn. 624, was a suit in damages for the death of plaintiff's husband. The material facts were that deceased, Daniel P. Shoffner, went into the store house of defendant in Memphis for the purpose, among others, of buying a stove. To ascertain the quantity of pipe that would be required to set it up, he looked at the wall to estimate the distance, and, while so doing and walking backwards, he stumbled and fell into an elevator shaft negligently left unguarded by the proprietor of the store, and sustained injuries from which he died. There was an exception to the following charge:

"If you find these facts, then you are instructed that the proximate cause of the injury and death of the deceased was the negligence (if such you find) of the defendant in failing to guard said elevator shaft or opening into which the deceased, Shoffner, fell, and not the fall caused by stumbling over said platform, your verdict should be for the plaintiff."

—in sustaining which the court said:

"This, we think, is a correct exposition of the law. The stumbling on the platform was the cause of the fall, but it might not have been injurious but for the open elevator shaft, and if that was negligently left open, and in consequence the deceased was killed, the defendant would be liable. *Postal Telegraph Co. v. Zopfi,* 9 Pickle, 372-375; *Anderson v. Miller,* 12 Pickle, 45."

In *City of Crawford v. Smith,* 79 Ind. 308, the material facts were that one of the streets of the city ran to the brink of an excavation 25 feet deep, on each side of which was College street, graded and graveled and open to travel within a yard of the steep banks of the cut; that the city had negligently suffered it to remain open and unguarded; that on the night of the accident, while plaintiff was driving along College street using due care, his horse

took fright, wheeled around, threw him from the buggy, ran away and into the excavation and was killed. The contention was there, as here, that the action could not be maintained because the negligence in leaving the excavation unguarded was not the proximate cause of the injury complained of, but the court held not so, and affirmed the judgment of the lower court in favor of plaintiff.

In *Campbell v. City of Stillwater*, 32 Minn. 308, the material allegations of the complaint were that the railroad company, with the consent and permission of the defendant city, had its track and operated its railroad along the side of and in places lengthwise upon one of the streets of the city; that, owing to its construction, it was a dangerous place for a horse with a carriage to go upon; that it was without fence or barrier between the part of the street occupied by the track and the part not so occupied to prevent horses running upon it; that as plaintiff in his buggy was driving his horse along the street near said part of the track his horse, suddenly frightened by a car moving along the track and, notwithstanding plaintiff's efforts to prevent him, ran upon the track where it was laid on and along the street, overturned the buggy, and injured plaintiff. One of the grounds of demurrer, which was sustained, was that the frightening of the horse by the moving car, and not the negligence of the city to properly guard the street, was the proximate cause of the injury, but the court held not so, and reversed the trial court. To the same effect, see: *Hey v. Philadelphia*, 81 Pa. St. 44; *Baldwin v. The Greenwoods Turnpike Co.*, 40 Conn. 238; *The City of Atlanta v. Wilson*, 59 Ga. 544.

We are therefore of opinion that when plaintiff slipped from the wagon and, upon striking the ground, threw out his hand to steady himself, if the cogs had been covered he would not have been injured; that, as they were negligently left uncovered, he was injured, and hence such negligence was the proximate cause of the injury.

The cause is accordingly reversed and remanded.

All the Justices concur.