**ST. LOUIS & S. F. R. CO. v. DANCEY et al.**

No. 8580—Opinion Filed April 9, 1918.

Rehearing Denied Nov. 19, 1918.

(176 Pac. 209.)

1. **Master and Servant — Action Against Master and Servant—Verdict—Judgment.**

In an action for personal injuries, where the master and his servants are charged with the commission of acts of negligence which caused the injury complained of, for which suit is instituted against all, and where the master, if liable is so upon the principle of respondeat superior, it is error to render a judgment against the master upon a verdict of the jury which found against the master and in favor of the servants, as the servants' responsibility is primary, inasmuch as they committed the act, and the master's is secondary, in that he has done no wrong morally, but is answerable for the servants' act.

2. **Negligence of Master—Evidence.**

Evidence examined, and held, same is insufficient to establish any other act of negligence upon the part of the master.

(Syllabus by Hooker, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Suit by George Dancey against the St. Louis & San Francisco Railroad Company and others. Verdict against defendant company, and in favor of the other defendants. Its motions for judgment notwithstanding the verdict and for a new trial were overruled, and it brings error. Reversed.

W. F. Evans, R. A. Kleinschmidt, and J. H. Grant, for plaintiff in error.

Twyford, Smith & Crowe, for defendants in error.

Opinion by HOOKER, C. George Dancey sued the company and S. H. Ergenbright and Elmer Wham to recover damages for injuries alleged to have been sustained by him in the Frisco yards at Oklahoma City. At the date of the injuries, and for some years prior thereto, he had been employed there as a helper, and it was his duty to keep the yards free from coal and other articles that accumulated therein, and to dry sand for use in the engines, and to perform such other services as were required of him from time to time.

Ergenbright was an engineer, and Wham a fireman, and while, as such, they were operating an engine on the cinder track in the yards at Oklahoma City, the said Dancey was injured by the operation of said engine, and to recover damages therefor he instituted this suit against the company and engineer and fireman, alleging that said engineer and fireman were guilty of negligence, as a result of which he received said injuries.

A trial was had, and the jury returned a verdict against the company, but in favor of the engineer and fireman. The company thereupon filed a motion for judgment not-

withstanding the verdict, and also a motion for a new trial, all of which were overruled, and, exceptions duly saved, and an appeal is prosecuted therefrom to this court.

It is urged that inasmuch as Ergenbright. the engineer, and Wham, the fireman, have by the verdict of the jury in this case been acquitted of the charge of negligence, the company is entitled to have the judgment against it reversed.

It is well settled that, in an action for damages for personal injuries, where a railway company and several of its employes are charged with the commission of the acts of negligence which caused the injuries, and are joined as parties defendant in an action, and where, under the negligence pleaded and the proof made. the company, if liable at all, is liable upon the principle of respondeat superior, it is error to render a judgment against the company, upon a verdict of the jury which found in favor of the plaintiff and against the company, and in favor of the employe of the company, as the employe's responsibility is primary, inasmuch as he committed the wrongful or negligent act, and the employer's responsibility is secondary, in the sense that he has committed no moral wrong. but is answerable for his agent's conduct. Both may sue in a single action yet a verdict exonerating the agent must necessarily exonerate the principal. since the verdict exonerating the agent is a declaration that the agent has committed no wrong, and the principal cannot be responsible or made liable in damages if the agent has committed no tort. This rule is upheld by this court in C.. R. I. & P. R. Co. v. Austin, 43 Okla. 698. 144 Pac. 1060, St. L. & S. F. R. Co. v. Williams, 55 Okla. 682, 155 Pac. 249, C.. R. I. & P. Co. v. Brooks, 57 Okla. 163. 156 Pac. 362, and C., R. I. & P. R. Co. v. Reinhart, 61 Okla. 721, 160 Pac. 51, and also in N. O. & N. E. R. Co. v. Jones, 142 U. S. 18, 12 Sup. Ct. 109, 35 L. Ed. 919.

It is urged here by the defendant in error. George Dancey, that this rule does not apply, for the reason that there were other acts of negligence against the company alleged in the petition, upon which the jury might have rendered this verdict. The petition alleges that the defendant company failed to furnish the plaintiff a safe place in which to work, and on account of a failure so to do the injuries were caused to him. This case was not tried upon that theory in the lower court, nor is there any evidence to justify the contention of the defendant in error, Dancey, upon that proposition, which would entitle him to recover in this action.

After a careful review of the record, we are of the opinion that the proximate cause of the defendant in error's injuries was the operation of the engine by the engineer and fireman of the company, and, unless the plaintiff below is entitled to recover on that account, he should not be permitted to recover in this action. See Bales v. McConnell, 27 Okla. 407, 112 Pac. 978, 40 L. R. A. (N. S.) 940; St. L. & S. F. R. Co. v. Hess, 34 Okla. 615, 126 Pac. 750; Stephens v. Okla. City R. Co. 28 Okla. 340, 114 Pac. 611, 33 L. R. A. (N. S.) 1007.

The judgment of the lower court is therefore reversed.

By the Court: It is so ordered.