## PHILLIPS v. TACKETT.

No. 22105.   April 24, 1934.

Wm. F. Davis and Woodard & Westhafer, for plaintiff in error.

Hudson & Hudson, for defendant in error.

WELCH, J. This is an action brought in the district court of Tulsa county by W. L. Tackett against W. P. Phillips to recover damages for personal injuries alleged to have been caused by the negligence of defendant.

Plaintiff alleges that he was engaged by defendant to pull stumps on his farm, and that defendant furnished him with defective machinery, which caused his injury; that defendant placed Tom Howard in charge of and over the work as vice principal; and that the stump puller failed to work properly because Howard placed grease in certain slots on the machine.

The defense consisted of a general and special denial, and plea of contributory negligence. The trial was to a jury, and resulted in judgment in favor of plaintiff in the sum of $20,000.

Defendant has appealed, and, as grounds of reversal, assigns numerous errors. However, it is only necessary to discuss the assignment that the court erred in overruling his motion for a directed verdict. We think

this motion should have been sustained, as, in our opinion, plaintiff has failed to prove primary negligence on the part of defendant.

Plaintiff produced evidence that he was employed by defendant to pull stumps; defendant was to furnish a stump-puller; plaintiff did not know how to operate the machine, which was composed of a spool and cable and operated by attaching the cable to the spool, then winding it thereon. This is affixed to the top of the spool, a log or lever 20 feet long, at the end of which is an iron ring to which the team was hitched. The team was driven in a circle, which movement caused the winding of the cable on the spool. The winding caused a tension on the cable which would ordinarily be sufficient to pull the stump from the ground. The machine was equipped with safety cogs which fit into slots on the iron surface thereof. The purpose of these cogs was to keep the spool from unwinding, and prevent the lever from going around backward, in the event of a break in the machine, or if the machine stopped for any reason. It is admitted by plaintiff that the machine was properly equipped with this safety device. He testified that Howard, in charge of the work, placed old grease in the slots into which the safety cogs fit, and that because of the old grease the cogs could not drop into the slots. These cogs might be fastened up with pins so that they would not catch in the slots when the machine was in operation. If the cogs do not drop into the slots, when there is a break or stop in the machine, the spool will unwind, causing the lever or log to turn backward. While operating the machine the doubletree or three horse evener to which the team was hitched broke. The tension on the cable caused the spool to unwind at a rapid rate of speed and the log lever flew back against the plaintiff's legs and broke them.

It is plaintiff's contention that when the doubletree broke the lever flew back because the safety cog did not hold in the slot and keep the spool from unwinding; that the cogs did not hold in the slots because they had been greased by Howard, who was in charge of the work. It is admitted that grease was placed in the slots, but Howard denied that it was placed there by himself, and testified that plaintiff, over his protest, greased them. Assuming, without deciding, that the evidence was sufficient to warrant the jury in finding that Howard was a vice principal, and that the grease was placed in the slots by him, still the evidence is insufficient to authorize a recovery because there is no evidence which tends to prove that the safety cogs failed to work because of the greasing of the slots.

The evidence shows that the machine was equipped with two safety cogs. It was examined immediately after the accident and it was discovered that one of them had dropped and was fastened in the slot, but the other was pinned up and could not drop into the slot. There is no evidence whatever in the record which tends to prove that the safety cogs failed to work because of the greasing thereof, but, on the contrary, it is shown that one of them worked properly, and that the other could not because it was pinned up.

Plaintiff admitted in his testimony that he was warned by Howard not to start the machine without first ascertaining whether the safety cogs were down and in position to catch in the slots in the event of a break in the machinery. He also admitted he started the machine without an investigation of the position of these cogs.

This, in substance, constitutes the evidence as to the manner in which the accident occurred. In our opinion, it is insufficent to sustain the judgment, because there is no evidence which tends to show primary negligence on the part of defendant.

There is another fact which is fatal to recovery on the part of plaintiff. The evidence, which is uncontradicted, shows that plaintiff was driving the team at the time of the accident and placed himself immediately behind the lever or log, and that he would have been injured even though the safety cogs had properly functioned, since the lever would have swung back from three to six feet as a result of the breaking of the doubletree. The doubletree belonged to plaintiff and was furnished by him.

Plaintiff insists that the verdict should be sustained, because, under his testimony and evidence, he was not warned of the danger in placing himself behind the lever while driving the team. In our opinion, under the record, there was no legal obligation on the part of defendant to so warn him; the danger to plaintiff in so placing himself was patent and obvious. No warning upon the part of the master was necessary.

18 R. C. L. 569, announces the following rule:

"There is no duty of warning and instruction if the employee's duties are simple and the danger obvious or if by any other means he possesses knowledge of the risk to which he is subjected."

The rule therein announced is well established, and we think it unnecessary to cite further authorities in support thereof.

The judgment is reversed, and the cause remanded, with directions to enter judgment in favor of defendant.

CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, and BUSBY, JJ., concur. McNEILL, J., disqualified. SEARCY, Special J., absent.

RILEY, C. J. I am of the opinion that a reversal of the judgment and a remand of the cause should be the decision because of failure of the trial court to grant a continuance when the petition was amended during trial below in which a material change in theory of plaintiff's cause occurred. This, in my opinion, entitled defendant to a continuance for preparation of the defense.

I am authorized to say that Mr. Justice OSBORN concurs in this view.