**Ed KINDER, Plaintiff In Error,**

v.

**Joe GODFREY, Defendant in Error.**

No. 37461.

Supreme Court of Oklahoma.

July 2, 1957.

Rehearing Denied Sept. 17, 1957.

Pierce, Mock & Duncan, Oklahoma City, Cecil R. Chamberlin, Frederick, for plaintiff in error.

Joe M. T. Wilson, Hugh F. Owens, Oklahoma City, for defendant in error.

CORN, Vice Chief Justice.

In November, 1953 the plaintiff, who had 21 years farming experience, was employed by defendant as a farm laborer. His duties included operation of a mechanical cotton picker, which was attached to and powered by a farm tractor. A part of the machine's mechanism consisted of a revolving shaft, upon which turned a cylinder with projecting teeth, which stripped cotton from the stalks. In normal operations the rollers within the machine often became clogged as a result of stalks being caught in blades, referred to as "kickers," which carried the cotton back from the rollers. When this occurred it became necessary to dislodge the stalks from the rollers, otherwise the picked cotton would fall to the ground as waste instead of being carried back into a trailer attached for this purpose. The evidence showed clearing (unclogging) of the rollers was facilitated by keeping the machine idling and the rollers turning, otherwise the stalks had to be pulled from under the machine, or cut out of the rollers by hand.

During the course of his work, on November 16, 1953, it became necessary to re-

move the cotton stalks clogging the machine. Plaintiff stopped forward progress of the tractor, left the picking machine running, and got down in front of the picker to remove the stalks then clogging the machine. He crouched, "had to hunker down" in front of the machine and reached to pull a stalk from the rollers. The stalk came free easier than expected and plaintiff lost his balance and fell forward into the kicker blades concealed under a metal cover, and located approximately three inches from the rollers. When this occurred plaintiff's hand was caught in the kicker blades, or rollers, and was painfully injured before defendant could descend from the trailer and stop the machine. As a result of the injuries thus received plaintiff brought this action to recover damages for his injuries.

The amended petition charged defendant with negligence in: (1) failing to warn plaintiff of the inherent and unseen dangers of the machine; (2) failing to instruct plaintiff as to a safe method of operation of the machine.

Defendant answered by general denial, coupled with allegations of specific defenses of contributory negligence, assumption of risk and unavoidable casualty. The plaintiff replied by general denial and the issues formed were tried by a jury.

The evidence relative to the material facts was not in conflict. Neither was there any issue as to the nature and extent of plaintiff's injuries, or but that same occurred in the course of his employment. The sole issue involved was whether there was sufficient evidence to require the jury's determination of the question of the existence of any actionable negligence upon the part of defendant which was the proximate cause of plaintiff's injury. A résumé of the evidence bearing upon the question reflects the following circumstances.

Defendant, called as a witness for plaintiff, testified concerning operation of the machine, that he hired plaintiff to run same and that he and plaintiff had operated the machine together. Defendant did not recall instructing plaintiff, but had demonstrated the operation of reaching into the throat and pulling out stalks; when reaching into the machine both the rollers and kickers were visible and about three inches apart; it was necessary to remove the stalks because otherwise the picker would become clogged and the cotton would fall onto the ground; if the machine was shut down it was nearly impossible to pull the stalks out, and the machine was left running to facilitate removal of stalks and to save time. Defendant knew the machine was dangerous, but showed plaintiff how to remove the stalks and did not tell him to stop the machine. The moving kickers plainly were visible from the front, and any turning (spinning) machinery is obviously dangerous. When operating the picker defendant tried to be careful, and did not stick his hand into the kickers, four of which were visible when the covering lid (marked Safety First, do not open cover while machine is running) was removed. It was defendant's opinion stalks could be removed safely with the rollers turning; the kickers were not visible looking straight into the machine, but were visible when one stooped and looked into the machine at an angle.

Plaintiff testified he had 21 years farming experience, but had not operated a cotton picker before being hired by defendant. After being hired defendant rode the machine with him and when a stalk caught in the machine defendant pulled it out, telling plaintiff "that was the way to get them out." The day of the accident, about a week and a half after beginning work, the machine clogged and he stopped the tractor, left the machine running and stooped down, "had to hunker down," in front of the machine, and reached in to pull out a stalk and "when I got down I got overbalanced and when I did my hand fell over there on the kickers." When plaintiff pulled on the stalk it came free more easily than anticipated and he became overbalanced and " * * * fell in there"; had he not become overbalanced his hand would not have been caught. " * * * I reached in there to get the cotton stalk and I fell in there."

There was further testimony by plaintiff relative to the nature of the machine, his lack of knowledge of, or experience with, the machine, and that his only knowledge had been acquired from defendant's demonstration. On cross-examination plaintiff admitted he knew the kickers were there and the rollers turning, but gave it no thought, but reached in to get the cotton stalk and "fell in there."

Defendant's demurrer at the close of plaintiff's evidence, on the ground same was insufficient to establish negligence on the part of defendant, was overruled.

In his own behalf defendant testified to ownership of the machine; when it clogged he unclogged it by letting the machine idle while he got down and pulled the stalks out; one reason for doing this in such manner was to save time, and another was that sometimes this was the only way in which the stalks could be removed; when the stalks were removed it was possible to look up into the machine and see the kickers turning about three inches from the rollers.

Upon conclusion of defendant's evidence the plaintiff moved for a directed verdict on the ground the testimony revealed the existence of a dangerous condition, as to which he had failed to give proper warning, or to instruct plaintiff properly in regard thereto. The motion was overruled.

Defendant renewed his demurrer to the evidence, and also moved for a directed verdict for the reason all the evidence, and the inferences reasonably deducible therefrom, failed to disclose negligence upon defendant's part. This motion likewise was overruled.

The case was submitted to the jury, under written instructions, and a verdict was returned ($1,875) for plaintiff, upon which the judgment appealed from was entered.

■ The theories advanced by the parties to this appeal in support of their respective positions, are derived from the interpretation each party places upon the evidence above narrated. Summarized, the plaintiff's position is that the evidence was sufficient to require the jury to determine whether there existed any causal connection between the method relied upon to unclog the machine and the overbalancing which resulted in plaintiff falling into the machine. Particularly in view of our decision in Donahoe v. Moulton, Okl., 300 P.2d 655, the plaintiff urges the propriety of trial court's ruling and the resulting judgment. Thus, in effect, the argument is that whether the danger of becoming overbalanced (and falling into the machine) inhered in the method used to unclog the machine created a danger foreseeable by a reasonably prudent man was a question upon which reasonable men might differ and so properly was submitted to the jury.

Reference to certain prior decisions, cited by plaintiff in support of the judgment, discloses matters which, without criticism of the results thereof, reflect their inapplicability herein. In Mid-Continent Petroleum Corp. v. Jamison, 197 Okl. 387, 171 P.2d 976, death resulted from inhaling noxious fumes. In the Moulton case, supra, injury resulted when plaintiff was overcome by noxious fumes from a dangerous chemical being used by the injured plaintiff. Both cases involved failure to furnish a safe place in which to work and failure to warn of the existence of a dangerous condition. However, neither of these cases involved a situation which was obviously dangerous. In fact, the Moulton case plainly recognized the rule that an employee assumes the risk of *obvious dangers* and those of which he knew or should have known. And, reference to other decisions cited by plaintiff will disclose factual dissimilarities which prevent such holdings from controlling our decision in the present case, particularly since these cases did not involve clear cut application of the rule hereafter noted.

■ An employer cannot be liable for injuries to an employee unless injury is the proximate result (proximately caused) of negligent or wrongful conduct.

■ Two recognized rules must be applied in the present case. The first of these

is that no duty of warning, or giving, instruction, exists if the danger involved is obvious.

Recognition of two recognized rules of law govern this case. The first of these was stated in syllabus 1 of Phillips v. Tackett, 168 Okl. 143, 32 P.2d 29, as follows:

"A master is not bound to warn his servant against dangers which are patent and obvious."

The second rule is stated in 35 Am.Jur., Master and Servant, Sec. 151:

"An employer is under no duty to warn an employee of mature years and average intelligence of the dangers of cleaning a machine without stopping it, where such employee, by reason of familiarity with machinery in general, and with the particular machine in question, knows or ought to know that it is dangerous to clean it without stopping it and that it may be easily stopped for that purpose. Nor is an employer bound to warn a mature employee of the dangers of attempting to unclog or clean a machine containing rapidly revolving knives, rollers, or gears, without stopping it, where such danger is obvious."

An early, well stated application of the quoted rule may be noted in Hanel v. Obrigekewitch, 39 N.D. 540, 168 N.W. 45, 3 A.L.R. 1029, which case involved a fact situation closely analogous to the case under consideration. In deciding that the employer was not liable for injuries received by an employee whose hand was caught in a feed grinder, that court pointed out: (1) Should the fact the employer used a dangerous method in unstopping a clogged grinder be construed as an instruction, this did not indicate superior knowledge, since every person who has worked upon a farm knows the danger in attempting to remove particles from between moving wheels; (2) the plaintiff knew there was a safe method by which to clean the machine; (3) the rule (which is above quoted) applies where the danger is obvious, the failure to warn cannot be the proximate cause of injury, and the employee is presumed to understand all the dangers that a prudent person would see under the circumstances.

In Munroe v. Schoenfeld & Hunter Drilling Co., 178 Okl. 149, 61 P.2d 1045, we defined the elements of actionable negligence, and pointed out that absence of any element renders the evidence insufficient to support a judgment against the employer. Upon defendant's motion for a directed verdict it was the trial court's duty, admitting the truth of all evidence, and reasonable inferences deducible therefrom, in plaintiff's favor, to ascertain whether there was sufficient evidence to sustain a verdict for plaintiff. Davis v. Standard Insurance Co., Okl., 280 P.2d 462. Had the evidence been measured by the stated rules the failure of the evidence to support plaintiff's cause of action would have been disclosed. Under such circumstances refusal of defendant's timely request for a directed verdict was error. See Downtown Chevrolet Co. v. Lehman, 191 Okl. 319, 129 P.2d 578.

The judgment is reversed and the case remanded with directions to enter judgment for defendant.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and CARLILE, JJ., concur.

WILLIAMS and BLACKBIRD, JJ., dissent.