Ray SWAN, Plaintiff in Error,

v.

Agnes J. DAVIS, Defendant in Error.

No. 40412.

Supreme Court of Oklahoma.

Sept. 24, 1963.

Frank T. McCoy, Robert P. Kelly, Lee W. Cook, Pawhuska, for plaintiff in error.

Green & Feldman, R. E. Green, Raymond G. Feldman, Wm. S. Hall, George A. Farrar, Tulsa, for defendant in error.

JOHNSON, Justice.

This action was filed in the District Court of Osage County, Oklahoma, by the plaintiff in error, Ray Swan, against defendant in error ranch owner, Agnes J. Davis, to recover for personal injury. The parties will be referred to as they appeared in the trial court, plaintiff in error as plaintiff, and defendant in error as defendant.

Plaintiff alleged in his petition that he was employed by the defendant's agent to work on her ranch, and that on August 1, 1961 he was operating a hay baler for the defendant, and that while disengaging "kinked" baler twine from around the twine tube on said baler, his right hand was caught, without his negligence, between the lower drive roller and the press roller in the baler; that as a result thereof it was necessary to amputate his arm.

Plaintiff further alleged that the defendant owed him the duty to provide him with a safe place to work, safe equipment to perform said work, and a safe method of performing same; that the defendant was negligent in failing to provide plaintiff with the aforesaid; that the defendant owned said hay baler since about 1948 and knew, or should have known, it was probable that a person could be entangled therein while operating it; that defendant did not instruct or see that someone remained in the hayfield or in the near vicinity with him while he was operating said baler to assist him in the event of his being entangled therein; that the defendant did not provide him with a proper safety device to stop or reverse the rotating rollers on said baler in the event he became entangled therein; that he was injured as set forth as the direct and proximate result of defendant's negligence.

The petition sought recovery for loss of his arm, pain and suffering, medical costs, an artificial limb and loss of earning capacity.

The defendant answered by general denial, but admitted plaintiff was her employee, and that incident to the work he was doing and the machinery he was using there were certain dangers which plaintiff was aware of; that the plaintiff assumed the risks, hazards and dangers incident to his employment.

Defendant further answered that plaintiff was negligent and failed to use ordinary care for his own safety, which was the direct and proximate cause of his injury, and that plaintiff's contributory negligence barred his right to recover.

The case was tried before a jury, and at the conclusion of plaintiff's evidence the trial court sustained the defendant's demurrer to plaintiff's evidence and rendered judgment for her. After the overruling of the motion for new trial, this appeal by plaintiff followed.

Plaintiff's sole contention is "That the court erred in sustaining the demurrer of defendant, Agnes J. Davis, to the evidence of plaintiff."

Under the allegations of negligence in the petition, supra, there are the following only:

1. Failure to furnish a safe place to work.

2. Failure to instruct plaintiff concerning the operation of the baler.

3. Failure to have someone remain in the vicinity of the work.

4. Failure to provide a proper safety device to stop or reverse the rotating rollers of the baler.

We shall consider these.

No contention is made in the briefs, nor could there be, that a hay field is an unsafe place in which to operate a hay baler under normal circumstances. The conditions as reflected by the record were normal. We shall therefore consider this contention waived.

■ In regard to number two, supra, we said in the first paragraph of the syllabus in Kinder v. Godfrey, Okl., 315 P.2d 676:

"A master is not bound to warn his servant against dangers which are patent and obvious."

In the body of the opinion, the case of Phillips v. Tackett, 168 Okl. 143, 32 P.2d 29, is cited in support of the rule quoted above. Later in the opinion appears the following quotation from 35 Am.Jur., Sec. 151, page 582:

"'An employer is under no duty to warn an employee of mature years and average intelligence of the dangers of cleaning a machine without stopping it, where such employee, by reason of familiarity with machinery in general, and with the particular machine in question, knows or ought to know that it is dangerous to clean it without stopping it and that it may be easily stopped for that purpose. Nor is an employer bound to warn a mature employee of the dangers of attempting to unclog or clean a machine containing rapidly revolving knives, rollers, or gears, without stopping it, where such danger is obvious.'"

These rules are particularly applicable to the case at bar. The rollers of the hay baler were in plain sight, and the danger, if any, was obvious. The plaintiff had operated the hay baler in a previous year and several times in the year of the accident in question. He was a man of mature years and of average intelligence.

■ No rule of law is cited which would sustain the third contention, supra. There is no duty upon an employer, under the circumstances of this case, to have other employees in the hay field to stand guard over the baler operator. Here again there is no argument in the brief to sustain this contention, and it will be deemed waived.

This brings us to contention number four above. The undisputed evidence discloses that the plaintiff was 48 years of age, able-bodied prior to the accident, and had operated this particular hay baler during the 1960 season and again in the 1961 season, during which season he was injured during the fourth cutting; that only one man is required to operate the one-man tractor-baler unit, and that no complaint is made that any defect existed in any of the mechanical parts of the baler.

There was a rope leading from a lever on the baler to the seat of the tractor by which the operation of the baler could be stopped. An "eye" had been provided on the baler through which this rope was supposed to pass. Due to the fact that the rope had been replaced with one of larger size, it was not through this eye. It is this factor alone which is asserted to be negligence. It is obvious that this rope was not a safety device for the following reasons:

1. When the baler was in operation the operator was supposed to be driving the tractor and not near the baler.

2. There were many points around the baler where this rope could not be reached.

The testimony of plaintiff shows:

"Q. When you got off and went to the hay baler itself did you shut off the tractor?

"A. No, sir.

"Q. It was still left operating?

"A. Yes, sir.

"Q. And was it engaged with the mechanism of the baler?

"A. Yes, sir.

* * * * * *

"Q. Well, you had had at least two years experience with this same tractor and same baler, had you not?

"A. Well, part of two haying seasons.

* * * * * *

"Q. The baler and tractor were operating all right on this day except for the string getting tangled, is that right?

"A. Yes, sir."

After plaintiff's hand was caught, he was pulled up into the chute of the baler and tried to reach the rope. He further testified:

"Q. Now, the rope that throws the baler out of gear runs from the up to − − −

"A. The tractor seat.

"Q. I see. And that was along the side of the feeder chute that you had been jerked up into?

"A. Well, it's along the side of the drive shaft to the baler.

"Q. In other words, you couldn't reach the rope after you had been pulled up into the chute?

"A. No, sir, I couldn't quite reach it, I liked about an inch reaching it."

He was then asked:

"Q. Now, let me ask you this, if the rope had been run through the eye, which is constructed on the top of the power take off cover, then would your foot have reached that rope?

"A. It would have."

There is no evidence in the record that by reaching the rope with his foot that he could have shut off the baler.

In the case of Oklahoma Gas & Electric Co. v. Wilson, 172 Okl. 540, 45 P.2d 750, the sixth paragraph of the syllabus reads:

"For an act to be deemed the proximate cause of an injury, it must be such that a person of ordinary intelligence would have foreseen that the injury was liable to be produced in the act."

It takes a far stretch of the imagination to conceive in advance that the operator of a one-man hay baling unit would be drawn into the chute of the baler, and that if he had been able to reach a certain rope with his foot that the accident would not have happened. The foreseeable operation of the baler certainly did not anticipate any such occurrence as occurred here. The owner was not an insurer. Sears, Roebuck & Co. v. Skeen, 207 Okl. 180, 248 P.2d 582.

In the case of Kinder v. Godfrey, supra, a farm machinery case, the second paragraph of the syllabus reads:

"The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury."

In this connection we are impressed by certain language in the opinion in the Massachusetts case of Wilson v. Daniels, 250 Mass. 359, 145 N.E. 469. In that case an employee was required to work near certain rollers of a husking machine. There was a safety clutch provided, first, because he was required to work near the rollers, and, secondly, it was a dangerous machine. His hand was caught in the rollers, and the clutch, which was out of repair, failed to work. In the opinion the court said:

"* * * The judge was right in instructing the jury that the broken

440

clutch had no causal connection with the accident. Whatever impelled the plaintiff's hand toward the rollers, it was not the broken clutch. * * *"

Thus, here the rope could not have been reached by hand if through the eye, and, further, the failure to be through the eye was not the proximate cause of the injury. The rope was not a safety device such as a guard on a saw which would prevent the hand getting in the saw. If it were a safety device, it would only come into play after the hand was in the rollers; hence the conclusion of the Massachusetts court that the stopping device was not the proximate cause of the injury.

Judgment affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.