Roy F. SPEED, Plaintiff in Error,

v.

George E. WHALIN, Defendant in Error.

No. 40194.

Supreme Court of Oklahoma.

Nov. 5, 1963.

Woodrow McConnell, Oklahoma City, for plaintiff in error.

Mike Foster, Oklahoma City, for defendant in error.

HALLEY, V. C. J.

Roy F. Speed, hereafter called plaintiff, brought this action against George E. Whalin, hereafter called defendant, to recover damages for personal injuries alleged to have been caused by defendant's negligence in failing to furnish him the necessary equipment and a safe place to work while he was employed by defendant. The trial court sustained defendant's demurrer to plaintiff's evidence. Plaintiff filed a motion for new trial which was overruled and he appeals.

Plaintiff bases his appeal on two propositions: that his evidence was sufficient to establish a prima facie case against defendant; and that the trial court erred in sustaining defendant's demurrer to plaintiff's evidence. These propositions will be considered together.

Defendant employed plaintiff and one Clarence Walker to remodel a small house. Plaintiff was a carpenter with approximately 16 years experience. Walker was a roofer with approximately 20 years experience. The remodeling consisted of building a five foot extension to the small house, putting in windows, roughing in for a bathroom, installing siding, and re-roofing the house.

Plaintiff began working on the job on January 3, 1961, and was injured when he fell from the roof of the house on the afternoon of January 5, 1961.

Plaintiff in his amended petition alleged that defendant was negligent in two particulars: (a) in failing to provide plaintiff with the necessary equipment, to-wit,

scaffolding and/or ladders with which to lay and install the roofing, and (b) in failing to provide a reasonably safe place to work in that defendant stacked several glass windows on the ground four feet from the edge of the house and failed to warn plaintiff of the hazard.

Plaintiff's testimony concerning his fall from the roof was as follows:

"Q. Now, will you tell the jury, Mr. Speed, what happened when you fell?

"A. Well, I was in a hunkered down position, and in order to nail and stay as far away from the eave as I could, I was above my nailing, and I had nailed over as far as I could reach and started to get up and move over, and just as I moved one foot to move in a position where I could nail again, the foot I still had placed slipped, and when I tried to catch with the other one, why, both feet slipped, and of course anyone, in slipping and starting to fall, will try to catch with their feet, and the more I tried to catch, the more my feet slipped, and both feet went out from under me and I landed in a laying down position on my back, or more so a sitting position, and when I slid to the edge of the roof I was going at quite a rate of speed, and as I started off I saw these windows stacked in front of me where, if I had threw myself forward, I would have went right into those windows on my face, and instead of going into the windows, I threw myself backwards and landed on my right foot more so than on my left, and fell backwards instead of throwing myself forward."

Plaintiff also testified he knew that the windows were stacked where they were before he went onto the roof to work. He did not strike the windows when he fell. Therefore the allegation in plaintiff's petition that the location of the windows constituted an unsafe place to work is without merit. There was no causal connection between plaintiff's fall and the location of the windows. The condition was patent and obvious to plaintiff and there was no duty upon defendant to warn him of it. Kinder v. Godfrey, Okl., 315 P.2d 676; Phillips v. Tackett, 168 Okl. 143, 32 P.2d 29.

■ Thus we proceed to the only remaining issue on this appeal. Did the plaintiff present any evidence tending to prove that defendant was under a duty to provide plaintiff with a scaffold or ladder in connection with the roofing work which he was doing at the time he fell?

Neither plaintiff, an experienced carpenter, nor Walker, an experienced roofer, nor any other witness, testified as an expert on this point. Plaintiff's only testimony concerning the need for scaffolds was that they needed scaffolding to put up the siding in the gables. But they "never did get to the gables with the siding" before he fell. Evidence of need for scaffolding in connection with the siding work is not any evidence of such a need in the roofing work. Concerning the need for a ladder, he testified that "the most work I did from a ladder was carrying up material, carrying up the roll roofing that went on up there." For this he used a ladder which Walker had brought to the jobsite.

Walker's testimony concerning plaintiff's fall and their use of or need for a ladder is as follows:

"Q. And then, when you started on the west side [of the roof], just tell the jury what happened there with reference to where you were working and Mr. Speed was working?

"A. Well, I stood my ladder up there because I had to carry a roll of 90-pound roofing on the roof, and I carried all three rolls up and laid them down, and we started putting the roof on. And, as we was getting close to finishing, I told him, I said, 'I'm going to get on this ladder and nail this edge.' It had to be nailed over the edge. And Mr. Speed was nailing about four feet up the roof, and I was nailing this edge and I heard something fall and I looked, and it was him falling

off the building, and I reached for him and couldn't catch him.

"Q. When you first started laying that roof both of you got on the roof?

"A. Yes.

"Q. And you were working on one end and he was working on the other?

"A. He was working about four feet from me, or five. I was on the edge and he was up above me a ways. I was over this edge nailing this edge down along the roof."

From this testimony it is clear that neither of these men felt that they needed to do this roofing job from a ladder, except when nailing the roofing over the edge. Walker had his ladder there, but both of them got on the roof to do the work which plaintiff was doing at the time he fell. If they had needed to use a ladder, the further testimony of Walker shows that there were ladders available for both of them:

"Q. What kind of a ladder did you have?

"A. A fourteen-foot, steel pins on the rounds.

"Q. Was it in good shape?

"A. Yes, sir.

"Q. Was it in good condition?

"A. It sure was.

"Q. Now that was a double ladder; it was one that extended up to about a twelve-foot ladder, and then you could extend it up about twenty-four feet?

"A. Yes, there was two halves to it."

\*     \*     \*     \*     \*     \*

"Q. Now you could take the ladder you had there and make two ladders out of it, couldn't you?

"A. Yes, we could have made two ladders out of it.

"Q. A 12-foot ladder would have been as long a ladder as you wanted on either end?

"A. Yes, but I had a 14.

"Q. You had a 14?

"A. That's right. Practically a new ladder."

The case which plaintiff relies upon principally is Healing Waters, Inc. v. McCracken, Okl., 350 P.2d 295. That case is not in point because there the risks and hazards to the employee became more dangerous as the work progressed. In the instant case plaintiff and Walker worked on the roof for several hours before plaintiff fell. There is no showing that the hazards of such work were any more or less when he fell than at any other time he was working on the roof.

■ From our review of the evidence, we are convinced that plaintiff's evidence presented nothing more than a possibility of injury to plaintiff. Plaintiff's testimony that he would have done the work from a scaffold or ladder if one had been furnished is mere conjecture. No evidence was presented as to how a scaffold or ladder would have been used. In Myers v. Luttrell, 373 P.2d 22, we stated:

"Where the circumstances are not sufficient to remove the case from the realm of conjecture and place it within the field of legitimate inferences from established facts a prima facie case for submission to the jury is not made out. Sanders v. McMichael, 200 Okl. 501, 197 P.2d 280."

■ The mere fact that an employee is injured is not even prima facie evidence of negligence or breach of duty of the employer. Myers v. Luttrell, supra; Patrick's Inc. v. Mosseriano, Okl., 292 P.2d 1003.

The burden was upon plaintiff to present some evidence of negligence by defendant. This he failed to do.

Affirmed.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.