Ralph ROYSE and Verdin Royse, d/b/a the Royse Brothers Farm, Ralph Royse, individually, and Verdin Royse, individually, Plaintiffs in Error,

v.

Edgar A. STINE, Defendant in Error.

No. 42537.

Supreme Court of Oklahoma.

July 14, 1970.

Clayton B. Pierce, and John R. Couch, Oklahoma City, for plaintiffs in error. Pierce, Duncan, Couch & Hendrickson, Oklahoma City, of counsel.

E. W. Keller, Oklahoma City, for defendant in error.

McINERNEY, Justice.

Edgar A. Stine, hereinafter called plaintiff, instituted action against Ralph Royse and Verdin Royse, d/b/a The Royse Brothers Farm, Ralph Royse, individually, and Verdin Royse, individually, hereinafter

called defendants, to recover damages suffered by plaintiff while he was engaged in knocking down cottonseed hulls into an auger blade which conveyed them into a special type wagon used to haul feed to cattle.

The record reflects that the hulls were stored in a large bin designed by defendant Verdin Royse and built by defendants. An electrically operated auger conveyor was installed in a cement "form trough'" in the bottom of the bin. The hulls frequently stuck together, making it necessary for some one to break them apart or knock them down into the auger. Plaintiff, an employee, was doing this while "walking straddle of the auger" which was running. A part of the auger was uncovered. He had on rubber boots as it was wet that morning. His right foot slipped and went into the uncovered auger blade which cut off a portion of his foot. This injury finally necessitated amputation of his right leg approximately five inches below the knee.

The record further reflects that plaintiff, 23 years old when injured, had worked for defendants about three years, doing general farm work, including feeding cattle. He had learned to operate the cottonseed hull bin by watching others. Plaintiff received no particular instructions or directions in fulfilling the duties of his employment in connection with the operation of the auger blade. It was not unusual to have to go into the bin to knock down the hulls. On the day he was injured, the cottonseed hulls had "caked" or "bridged", and no cottonseed hulls moved from the bin when he attempted to load the feed wagon. When this occurs, it is necessary to enter the bin and knock down the hulls into the auger to convey the hulls out of the feed bin. He had been operating the auger conveyor on an average of once a week for two years. Sometimes he turned off the auger conveyor before going into the bin to knock down the hulls, and sometimes he did not. He had seen other employees, and also the de-

fendants, go into the bin for this purpose with the auger running; and he knew this to be a dangerous procedure. On the morning of the accident, he entered the bin without turning off the electricity to stop the auger, although he passed right by the rope on a lower level which he could have pulled to turn it off.

Plaintiff alleged negligence on the part of defendants (1) in failing to furnish him with a reasonably safe place in which to work and with reasonably safe machines; (2) in the design, construction, and maintenance of the feed bin and metal auger, by failing to provide adequate protection or guard for the auger blade; and (3) in requiring that he work in the feed bin wherein the exposed and unprotected auger was imminently dangerous to persons using it.

Defendants, by answer, alleged that plaintiff's negligence in not turning off the electricity to stop the auger before going into the bin, caused the accident; that it was necessary that the auger be open and exposed in order for it to function efficiently in moving the cottonseed hulls from the bin into the feed wagon; and that plaintiff assumed this type of risk when he accepted the employment.

The jury, after hearing conflicting testimony as to whether augers used for this purpose should be covered or uncovered, returned a verdict for plaintiff. The trial court thereupon entered judgment from which this appeal is taken.

The several allegations of error argued by defendants reduce themselves to only one proposition, namely, that plaintiff's own acts were the sole proximate cause of his injury. In support of this proposition, defendants rely on Kinder v. Godfrey, Okl., 315 P.2d 676 (1957), and McMillian v. Bollenback, Okl., 294 P.2d 541 (1956). In *Kinder* the court found no causal relationship between the alleged negligence of the defendant and the plaintiff's injury. The method of removal of the cotton stalks from the machine, in accordance with the instructions given the plaintiff, would have

kept his hands well away from the moving blades which, in fact, were covered. Plaintiff's own careless failure to maintain his balance brought about the resultant injury. In *McMillian,* likewise, the moving parts of the auger device were covered and it was plaintiff's own conduct in placing his hand underneath the guard that caused his injury. There was no testimony in either case to show that the machine in question was defectively constructed or was lacking in a device that it should have had in the interests of safe operation.

 Contrariwise, in the instant case, there was no guard for the moving machinery, and there was conflicting testimony by witnesses qualified to give opinions on such matters as to whether or not reasonable prudence required the provision of such a guard. The jury, therefore, had before it, under proper instructions, the question of whether or not defendants in the exercise of ordinary care should have provided such a guard. The failure to provide a protective guard against injury from machinery has been held to be the proximate cause of an injury to an employee. Bales v. McConnell, 27 Okl. 407, 112 P. 978 (1910). Plaintiff performed his duties in knocking down cottonseed hulls around the auger in the same manner as his employers and other employees, and without instructions from defendants to do otherwise. Defendants established the standard of activity relating to the auger in performing the duty evolving from plaintiff's employment. Since the defendants designed and built this machine, it was their duty to make it safe for those who were called upon to use it. Crane Co. v. Sears, 168 Okl. 603, 35 P.2d 916 (1934).

The evidence supported the submission of the question of proximate cause to the jury. The jury, properly instructed by the district court, returned a verdict for the plaintiff. The judgment is affirmed, and, a supersedeas bond having been filed in this case conditioned on the affirmance of the judgment on appeal, judgment is entered against the surety on the supersedeas bond in accordance with its terms.

Affirmed.

IRWIN, C. J., and BERRY, V. C.J., and DAVISON, JACKSON, HODGES and LAVENDER, JJ., concur.

WILLIAMS, J., concurs in result.